WALTER HAGOOD, Adm'r of the Estate of Amaryaless Hagood, Deceased, Plaintiff-Appellant, v. RICHARD O'CONNER *et al.*, Defendants-Appellees (Donald McRaven *et al.*, Defendants).

Third District   No. 3—87—0327

Opinion filed January 27, 1988.

Goldfine & Bowles, P.C., of Peoria (James E. Bowles, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Jerald E. Jackson, of counsel), for appellee Richard O'Conner.

David R. Sinn, of Heyl, Royster, Voelker & Allen, of Peoria (Mark D. Howard, of counsel), for appellees Robert Gomez, Dale Gleiss, Frederick Hoy, James R. Munns, Illinois Cardiac Surgery Association, and R. Smith.

Richard E. Quinn, of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria, for appellees James Bauer, Thomas Cassidy, David Johnson and Internal Medicine Group of Peoria.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff filed a medical malpractice action against a hospital and numerous physicians, charging that their negligent medical treatment was the proximate cause of his wife's death. The defendants moved to dismiss the complaint on grounds that the medical report

and affidavit were insufficient. The trial court dismissed the complaint with prejudice and denied the plaintiff's motion for reconsideration of that order. The plaintiff filed the instant appeal. We reverse.

Amaryaless Hagood was hospitalized May 16, 1984, for coronary bypass surgery. She subsequently developed infectious diseases and received medical treatment from the various defendants. Her right leg was later amputated because of a serious infection, and she died in the hospital on August 10, 1984. Suit was filed on August 8, 1986, by Walter Hagood, the decedent's husband and administrator of her estate. The plaintiff attached to the complaint a report from a health professional which detailed the infectious disease treatment received by the decedent, as well as irregularities in that treatment. The plaintiff's attorney filed an affidavit stating he consulted and reviewed the case with the health care professional, whom he believed to be knowledgeable of the issues involved, and on the basis of that consultation, he concluded there was a reasonable and meritorious cause for filing the action.

The defendants filed motions to dismiss the complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), alleging that the affidavit and medical report failed to comply with the requirements of the healing art malpractice act (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) (the Act). The trial court agreed that attorney's affidavit and the health care professional's medical report did not meet the requirements of section 2—622 and dismissed the complaint with prejudice. The plaintiff thereafter filed a motion for reconsideration and requested the court to vacate its judgment in favor of the defendants and require them to respond to the allegations in the complaint. The court denied the motion to reconsider. The plaintiff next filed his appeal with this court, seeking reversal of the trial court's orders and reinstatement of the original complaint. On appeal, the plaintiff argued that the affidavit and medical report filed with the complaint were sufficient and, alternatively, if they were not sufficient, this court should grant leave to file an amended report and affidavit. For the reasons that follow, we reverse.

■ Initially, we address the defendants' argument that the plaintiff's failure to request leave to amend the affidavit and medical report in either his motion for reconsideration or his notice of appeal constitutes waiver. Supreme Court Rule 303(c)(2) requires that the notice of appeal specify the relief sought from the court of review. (107 Ill. 2d R. 303(c)(2).) Furthermore, a party desiring to file an amended pleading should make the request to amend part of the rec-

ord on appeal. The plaintiff in the instant case initially elected to stand on his pleadings and chose not to request leave to amend from the trial court. In the brief on appeal, he made his first request for leave to amend in the event this court found that the affidavit and medical report were insufficient. Because the plaintiff deliberately chose to stand on his pleadings as filed and failed to request leave to amend at the trial level, we will not consider his prayer for this relief on appeal. See *Continental Building Corp. v. Union Oil Co.* (1987), 152 Ill. App. 3d 513.

The plaintiff's primary argument on appeal is that the medical report and affidavit attached to the complaint comply with the requirements of section 2—622 of the Act. The defendants assert that several of the Act's technical requirements were not met and that dismissal of the complaint was appropriate. Section 2—622 provides, in pertinent part, that in an action in which the plaintiff seeks damages for medical malpractice:

"[T]he plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. *** [T]he affidavit must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

* * *

(b) Where a certificate and written report are required pursuant to this Section a separate certificate and written report

shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time.

\* \* \*

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

In support of their argument that the plaintiff failed to comply with the statutory requirements, the defendants cite the following: the affidavit filed by the plaintiff's attorney failed to identify the profession of the reviewing health care professional; the affidavit does not state that the reviewing health care professional practices in the same specialty as any one of the defendants; the affidavit does not state that the reviewing health care professional determined that there is a reasonable and meritorious cause for filing the action; the medical report does not identify the reasons for the reviewing health care professional's determination that a reasonable and meritorious cause for filing the action exists; and a separate affidavit and medical report were not filed as to each defendant named in the complaint.

■ We note at the outset that the Code of Civil Procedure was amended and an elaborate set of pleading requirements was added for malpractice actions in an attempt to deter medical malpractice plaintiffs from filing nonmeritorious lawsuits. (See generally Ill. Ann. Stat., ch. 110, pars. 2—109, 2—622, Historical and Practice Notes (Smith-Hurd Supp. 1987).) While furthering the legislative goal of discouraging frivolous malpractice actions, courts must also recognize and promote the legislative intent expressed in section 1—106 of the Code of Civil Procedure, which states: "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill. Rev. Stat. 1985, ch. 110, par. 1—106.) With these goals in mind, this court previously determined that section 2—619 does not require a dismissal with prejudice on the basis of a technical deficiency in pleading in a medical malpractice case. (*Walter v. Hill* (1987), 156 Ill. App. 3d 708.) In *Walter*, the plaintiff inadvertently failed to attach the affidavit of merit to the complaint. We found that dismissal with prejudice for this minor technical error was improper and that permitting the plaintiff to submit the affidavit at a later date would have best fulfilled the legislative goal of protecting the substantive rights of parties while at the same time keeping with the spirit of section 2—622 and its purpose of discouraging frivolous lawsuits.

(*Walter*, 156 Ill. App. 3d at 711.) Giving due consideration to the principles discussed above, we turn now to the alleged deficiencies in the plaintiff's pleadings.

The defendants first argue that the affidavit of merit is insufficient because it does not identify the profession of the reviewing health professional. The plaintiff acknowledges that the information was not contained in the report or affidavit filed with the complaint, but states that he offered to make the entire report available for an *in camera* inspection so the trial judge could review the identity and qualifications of the individual who submitted the report. The court declined to examine the full report. On appeal, the plaintiff explained that the reviewing health professional practiced in the field of infectious diseases and that this information, though omitted from the attorney's affidavit, was offered for the trial court's review *in camera*. The failure to set out in the affidavit of merit the credentials of the reviewing health professional is but a minor technical error and it would have been well within the trial court's discretion to permit the plaintiff to present the information for the court's *in camera* inspection or to order an amendment to the affidavit to include the omitted credentials. This technical deficiency did not require a dismissal with prejudice. *Walter*, 156 Ill. App. 3d at 711.

The defendants next claim that the affidavit is insufficient because the attorney failed to state that the reviewing health care professional practices in the same specialty as any one of the defendant specialists, as is required by section 2—622. We disagree. In Illinois, the legislature has provided only for the licensure of physicians in the practice of medicine in all of its branches; that is, physicians receive a general license to practice medicine. Medical specialties for physicians are neither statutorily regulated nor defined. (Ill. Rev. Stat. 1985, ch. 111, par. 4411(1).) A physician licensed to practice in Illinois has been declared by the Illinois legislature to be qualified to practice medicine in all of its branches. A "specialist" in a certain field of medicine may merely be a licensed general practitioner who has unilaterally identified himself as a specialist. This is permissible under Illinois law. Accordingly, the requirement set forth in section 2—622 that the affiant state that he consulted with a health professional who practices in the same specialty as the defendant means merely that if the defendant is a physician, then the health care professional must also be a physician. If the defendant were a dentist, of course, the health care professional would have to be a dentist, etc. To put it another way, a licensed physician in Illinois is a legally qualified practitioner in every so-called medical specialty. Therefore,

for the purposes of this Act, a physician who is licensed to practice medicine in all of its branches may evaluate the treatment given by any other physician who is licensed to practice medicine in all of its branches, even if the defendant physician holds himself out to be a specialist. The affidavit in this case was not inadequate merely because the reviewing health professional did not claim to be a specialist in each of the defendants' self-claimed areas of specialty.

■ Next, the defendants allege that dismissal was proper because the affidavit does not state that the reviewing health professional determined in the written report that there is a reasonable and meritorious cause for filing the action and because the written report does not identify the reasons for the reviewing health professional's determination that there is a meritorious cause of action. The report of the reviewing health care professional alleged that several aspects of the decedent's medical treatment were inadequate. The health professional stated that he had several criticisms and discussed the inadequacy of antibiotic treatment, the delay in performing required tests, and the apparent misinterpretation of test results by one of the physicians. The report concluded that if the original antibiotic treatment had been correct, the knee infection, prolonged hospitalization, and amputation might not have been necessary. Finally, the plaintiff's attorney stated in the affidavit that on the basis of his consultation with the reviewing health professional, he determined there is a reasonable and meritorious cause for filing the action. We find that the medical report and affidavit were sufficient and met the Act's requirements here. Although the medical report did not contain the phrase "reasonable and meritorious cause for filing the action," this specific language is not necessary to comply with the Act. From the facts and opinions set forth in the medical report, it is reasonable to conclude that the reviewing health care professional determined that the treatment rendered to the decedent was inadequate in several respects and that there is a reasonable and meritorious cause for filing the action. Furthermore, contrary to the assertions of some of the defendants, we find that the medical report clearly states reasons for the health professional's determination that a meritorious cause for filing the action exists.

■ Finally, the defendants contend that section 2—622 of the Act requires a plaintiff to file a separate certificate and written medical report as to each named defendant and that because only one affidavit and report were filed in the instant case, dismissal with prejudice was required. As discussed previously, any physician licensed to practice medicine in all its branches may prescreen a case involving

defendant physicians who are also licensed to practice medicine in all its branches. A single medical report submitted by the reviewing health professional, if it adequately discusses deficiencies in the medical care given by the defendants and establishes that there exists a reasonable and meritorious cause for filing the action, can be sufficient to comply with the requirements of section 2—622 of the Act. Here, the reviewing health care professional's report and the attorney's accompanying affidavit are sufficiently broad to cover each defendant in this case. Making multiple copies of the medical report and affidavit would add nothing of value to this case. Accordingly, as to the defendants named in the case at bar, we find that the single medical report and affidavit were sufficient to meet the requirements of section 2—622.

■■■ In conclusion, we find that the medical report and affidavit of merit filed in this case were minimally sufficient to satisfy section 2—622 and the trial court's dismissal of the case with prejudice was erroneous. The healing art malpractice act was enacted to deter nonmeritorious litigation. It should not be so strictly construed that exquisite and fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court. This interpretation of the statute furthers the Act's broad purpose while at the same time complying with the legislative mandate that the Code of Civil Procedure be liberally construed so as to protect the substantive rights of the parties.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.