LARRY E. MOSS, Plaintiff-Appellant, v. EVERETT GIBBONS *et al.*, Defendants (Van Manh *et al.*, Defendants-Appellees).

Fourth District   No. 4—88—0275

Opinion filed March 9, 1989.

William C. Zukosky, of Urbana, and Edward Zukosky, of Wenona, for appellant.

Costigan & Wollrab, P.C., of Bloomington (William F. Costigan, of counsel), for appellee St. James Hospital.

Richard E. Stites, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee Van Manh.

Heyl, Royster, Voelker & Allen, of Peoria (Gary M. Peplow and Nicholas J. Bertschy, of counsel), for appellee N. Gutierrez.

JUSTICE KNECHT delivered the opinion of the court:

This is an appeal from the dismissal with prejudice of a medical malpractice action (Ill. Rev. Stat. 1985, ch. 110, par. 2—622).

We affirm.

The plaintiff, Larry E. Moss, is a prisoner at the Pontiac Correctional Center. On February 29, 1984, he was attacked in his cell and suffered an injury to his left eye. Following the attack, the plaintiff was taken to the medical unit at the correctional center where he was assigned to the care of Everett Gibbons, M.D., John Hatala, M.D., Van Manh, M.D., Raspal Dalal, M.D., Syed Ali, M.D., and Timothy Miller, an optometrist.

The medical unit took orbital X rays of the plaintiff. The X rays were sent for review to N. Gutierrez, M.D. Gutierrez is a radiologist at St. James Hospital in Pontiac, Illinois. He read the X rays as negative for fractures of the left orbit.

On May 10, 1984, the plaintiff was examined by Dennis Lockhart, M.D. Lockhart is an ophthalmologist at Gailey Eye Clinic in Bloomington, Illinois. He ordered orbital X rays with waters view of the plaintiff. Lockhart read the X rays as questionable for a blow-out fracture of the left orbital floor. He recommended additional X rays be taken of the plaintiff.

On May 22, 1984, orbital X rays with waters view and a tomogram were taken of the plaintiff at St. James Hospital. Gutierrez read

the X rays and tomogram as positive for blow-out fracture of the left orbital floor.

On June 1, 1984, Lockhart reexamined the plaintiff. He recommended surgery be performed to correct the eye disorders of the plaintiff. The surgery was unsuccessful. The plaintiff now suffers intractable double vision with his left eye rolled upward.

On May 6, 1986, the plaintiff filed a five-count medical malpractice complaint (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) against defendants Gibbons (count I), Hatala (count II), Manh (count III), Dalal (count IV), and Ali (count V) in the circuit court of Livingston County. On May 7, 1986, without the leave of the circuit court, the plaintiff filed an amendment to the complaint against defendants Miller (count VI), Gutierrez (count VII), and St. James Hospital (count VIII). The amendment was accompanied by an attorney affidavit which stated the required consultation under section 2—622(a)(1) could not be obtained prior to the expiration of the statute of limitations.

On August 4, 1986, the 90th day after the filing of the complaint, the plaintiff filed a motion to extend the time of filing of the medical report. Attached to the motion was the section 2—622(a)(1) consultation affidavit. On August 18, 1986, without the leave of the circuit court, the plaintiff filed the medical report.

Defendants Gutierrez, Manh, and St. James Hospital filed motions to dismiss the counts directed against them in the complaint. The motions attacked (1) the manner and timing of the filings of the pleadings under the statute of limitations; (2) the plaintiff's failure to consult with a health professional practicing in their respective medical specialties; and (3) the meritoriousness determination in the medical report of the reviewing health professional. In response, the plaintiff filed a motion for leave to amend the May 6, 1986, complaint and the May 7, 1986, consultation affidavit. The plaintiff did not offer any proposed amendments to the circuit court. On April 3, 1987, the circuit court granted the motions to dismiss of defendants Gutierrez and St. James Hospital. On July 28, 1987, the circuit court granted the motion to dismiss of defendant Manh. The circuit court ordered dismissals with prejudice based on the failure of the plaintiff to comply with the statutory prerequisites for filing medical malpractice actions.

The circuit court denied the subsequent motions of the plaintiff for leave to amend the pleadings and to reconsider, revise, and vacate the dismissal orders. On March 2, 1988, the circuit court reaffirmed the dismissal orders. Following these rulings, the plaintiff orally moved for voluntary dismissal (Ill. Rev. Stat. 1985, ch. 110, par. 2—

1009) against defendants Gibbons, Hatala, Dalal, Ali, and Miller. The circuit court granted the oral motion. The plaintiff now appeals.

The defendants correctly contend the consultation affidavit is not based on the written medical report of the reviewing health professional.

The consultation affidavit is to declare that "the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) This means the consultation affidavit is to be based on the written medical report of the reviewing health professional.

■ The consultation affidavit was executed on August 4, 1986. The affidavit stated the reviewing health professional had not yet supplied the written medical report. The medical report was dated August 14, 1986. Obviously, the consultation affidavit could not have been based on the written medical report of the reviewing health professional. Thus, the plaintiff failed to comply with the statutory prerequisites for filing a medical malpractice action.

The defendants next contend the consultation affidavit and the medical report are insufficient because the reviewing health professional did not practice in their respective medical specialties.

Section 2—622(a)(1) places two restrictions on the selection of the reviewing health professional. First, the health professional must be "knowledgeable in the relevant issues involved in the particular action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Second, the health professional must practice in the same medical specialty of any defendant specialists. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).

■ The plaintiff selected Sidney D. Kamen, M.D., as the reviewing health professional. Kamen is licensed to practice medicine in all of its branches. He specializes in ophthalmology. As such, Kamen is knowledgeable in the diagnosis and treatment of eye disorders. Thus, the first restriction on the selection of the reviewing health professional is met.

The medical specialty restriction on the selection of the reviewing health professional was recently discussed in *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 519 N.E.2d 66. The appellate court noted Illinois does not define or otherwise regulate the medical specialties of physicians. Rather, a licensed physician is qualified to practice medicine in all of its branches. (Ill. Rev. Stat. 1985, ch. 111, par. 4401 *et seq.*) For these reasons, the appellate court determined:

"[A] licensed physician in Illinois is a legally qualified practi-

tioner in every so-called medical specialty. Therefore, for the purposes of this Act, a physician who is licensed to practice medicine in all of its branches may evaluate the treatment given by any other physician who is licensed to practice medicine in all of its branches, even if the defendant physician holds himself out to be a specialist." *Hagood*, 165 Ill. App. 3d at 372-73, 519 N.E.2d at 69.

Defendant Gutierrez is alleged to be the agent of St. James Hospital. Gutierrez is a physician specializing in radiology. In *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 527 N.E.2d 1328, the appellate court found a thoracic surgeon qualified to be a reviewing health professional in a medical malpractice action alleging negligent failure to diagnose lung cancer from the X rays of the plaintiff. The instant case is similar to *Relaford* in that the medical malpractice action alleges the negligent failure to diagnose a fracture of the left orbital floor from the X rays of the plaintiff. The diagnostic X ray knowledge of an ophthalmologist on eye disorders is comparable to that of a thoracic surgeon on lung diseases. Accordingly, Kamen is qualified to be the reviewing health professional as to defendant Gutierrez.

Defendant Manh is alleged to be a physician licensed to practice medicine in all of its branches. Kamen possesses the same medical license. Thus, Kamen is qualified to be the reviewing health professional as to defendant Manh.

Defendant St. James is a hospital. Hospitals fall into the "all other defendants" category under section 2—622(a)(1). (*Shanks v. Memorial Hospital* (1988), 170 Ill. App. 3d 736, 739, 525 N.E.2d 177, 179-80.) For this category of defendants, the plaintiff must select a physician licensed to practice medicine in all of its branches as the reviewing health professional. Kamen is the physician licensed to practice medicine in all of its branches. Thus, Kamen is qualified to be the reviewing health professional as to defendant St. James Hospital.

The defendants contend the medical report does not identify the reasons for the reviewing health professional's determination there was a meritorious cause of action against them. We agree.

The plaintiff filed a single medical report. A separate report as to each defendant need not be filed. (*Hagood*, 165 Ill. App. 3d at 374, 519 N.E.2d at 70.) The medical report presented the case history and treatment of the plaintiff. This manner of presentation can be sufficient to identify the reasons for the meritoriousness determination. (See *Hagood*, 165 Ill. App. 3d at 373, 519 N.E.2d at 70; *Relaford*, 173 Ill. App. 3d at 1040, 527 N.E.2d at 1332.) It is not sufficient in the instant case.

■ The medical report did not mention defendant Manh. The report should discuss the involvement of each defendant in the treatment of the plaintiff. (*Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 853-54, 523 N.E.2d 563, 568-69.) Without such discussion, the report amounts to little more than a generalized conclusion of medical malpractice. A generalized conclusion of medical malpractice cannot support the meritoriousness determination. Consequently, the medical report is insufficient for a meritoriousness determination as to defendant Manh.

■ The medical report mentioned defendant Gutierrez and discussed his limited involvement in the case. Defendant Gutierrez reviewed two sets of orbital X rays of the plaintiff. The medical report could not confirm the negative reading for an orbital fracture in the first set of X rays. These X rays were not available for review. The medical report confirmed the positive reading for an orbital fracture in the second set of X rays. As such, the medical report is not critical of the X ray reviewed by defendant Gutierrez. Thus, the medical report is insufficient for a meritoriousness determination as to defendant Gutierrez.

The medical report also mentioned defendant St. James Hospital. The involvement of defendant St. James Hospital in the case is limited to the review of its alleged agent Gutierrez. Given the preceding discussion, the medical report is insufficient for a meritoriousness determination as to defendant St. James Hospital.

The plaintiff contends the circuit court abused its discretion in denying leave to amend and in dismissing the action with prejudice.

■ The determination of whether the pleadings are sufficient to comply with section 2—622 is a matter of discretion for the circuit court. This pleading determination depends on the facts and circumstances of each case. (*Alford*, 169 Ill. App. 3d at 854-55, 523 N.E.2d at 569.) Where the pleadings are determined to be insufficient, the circuit court must determine whether to allow amendment or dismissal. Absent a manifest abuse of discretion, the amendment or dismissal determination of the circuit court will not be disturbed on appeal. *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 194, 520 N.E.2d 293, 296.

■ "[A] medical malpractice plaintiff should be afforded every reasonable opportunity to establish his case." (*Hansbrough v. Kosyak* (1986), 141 Ill. App. 3d 538, 549, 490 N.E.2d 181, 188.) Accordingly, amendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. The test is the furtherance of the ends of jus-

tice. *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803.

In *Taylor*, this appellate court reiterated the guidelines for amendment to medical malpractice pleadings under the ends of justice test:

> "In passing on a motion to amend, a court should properly consider the ultimate efficacy of a claim as well as previous opportunities to assert it. [Citations.] Thus, the merits of a proposed amendment should be considered, and a trial court should not deny leave to amend solely on the basis of a delay in filing, unless accompanied by a showing of prejudice to the opposing party which goes beyond mere inconvenience. [Citations.] If, on the other hand, the proposed amendment as submitted to the trial court would not cure any defects in the complaint, then a motion for leave to amend is properly denied." *Taylor*, 142 Ill. App. 3d at 591, 491 N.E.2d at 808.

The plaintiff did not offer *any* proposed amendments of the pleadings to the circuit court. The failure to offer a proposed amendment is generally fatal for review of the exercise of discretion by the circuit court. (*Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 579-80, 397 N.E.2d 84, 87.) There are two instances in which a proposed amendment need not be offered to the circuit court. First, a proposed amendment need not be offered where its nature is apparent from the proceeding. (*Intini*, 78 Ill. App. 3d at 579, 497 N.E.2d at 87.) Second, a proposed amendment need not be offered where its offer is foreclosed by the circuit court. (*Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.* (1980), 87 Ill. App. 3d 757, 762, 410 N.E.2d 205, 209.) Neither instance applies here. Therefore, the circuit court acted within its discretion in denying leave to amend and in dismissing the action with prejudice.

The plaintiff lastly contends his medical malpractice action should not have been dismissed with prejudice as he was under a legal disability.

Imprisonment is a legal disability. A legal disability may toll the statute of limitations. (Ill. Rev. Stat. 1985, ch. 110, par. 13—211.) Thus, a prisoner may elect to seek immediate legal redress or to postpone legal redress.

The plaintiff sought immediate legal redress. He did not claim imprisonment as a legal disability in the pleadings. The pleadings only referred to imprisonment as a description of the scene of the injury and initial medical treatment. Moreover, the May 7, 1986, attorney affidavit implicitly disclaimed imprisonment as a legal dis-

ability. The affidavit did not seek to toll the statute of limitations. Rather, the affidavit sought a filing extension beyond the statute of limitations. After the circuit court granted the motions to dismiss of the defendants, however, the plaintiff attempted to claim imprisonment as a legal disability. This claim was not responsive to the statutory noncompliance basis for the dismissals. Given these facts, the plaintiff has waived any claim of imprisonment as a legal disability.

Defendants Gutierrez and Manh also contend the plaintiff did not earlier appeal the dismissal orders.

■■ The notice of appeal is to be liberally construed in the absence of prejudice to the nonappealing party. Nevertheless, care should be given in stating the requested relief in the notice of appeal. The appellate court has jurisdiction over only the matters raised in the notice of appeal. 107 Ill. 2d R. 303(c); *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 815, 375 N.E.2d 961, 968.

The notice of appeal may be construed to bring up for review an earlier unspecified order where the order is a step in the procedural progression to the specified order. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434-35, 394 N.E.2d 380, 383.

■■ In the instant case, the plaintiff requested relief from the March 2, 1988, order in the notice of appeal. The plaintiff did not specify either the April 3, 1987, order or the July 28, 1987, order in the request. These unspecified orders were steps in the procedural progression to the specified order of March 2, 1988. Given the interrelationship between these orders, the notice of appeal is sufficient to confer jurisdiction on the appellate court to consider the propriety of all these orders.

Affirmed.

LUND and SPITZ, JJ., concur.