THOMAS PREMO, Indiv. and as Adm'r of the Estate of Sarah Jean Premo, Deceased, *et al.*, Plaintiffs-Appellants, v. JAMES C. FALCONE *et al.*, Defendants-Appellees.

Second District   No. 2—89—0497

Opinion filed April 26, 1990.—Rehearing denied June 13, 1990.

Debra A. Armstrong, of Jeffrey M. Goldberg & Associates, Ltd., of Chicago (Jeffrey M. Goldberg, of counsel), for appellants.

O'Reilly, Cunningham, Norton & Mancini, of Wheaton (William F. Cunningham, of counsel), for appellees James C. Falcone and Darien Gynecology & Obstetrics, Ltd.

David P. Meyer, Nancy G. Lischer, and Kathryn A. Spalding, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Lisle, for appellee Hinsdale Hospital.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Jamie Lynn Premo and Thomas Premo, appeal from the dismissal with prejudice of their medical malpractice complaint against defendants, James Falcone, Darien Gynecology & Obstetrics, Ltd., and Hinsdale Hospital, for failure to comply with the documentation requirements of section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—622). Plaintiffs raise the following contentions on appeal: (1) that the trial court abused its discretion by dismissing their complaint with prejudice; (2) that defendants waived any failure on plaintiffs' part to comply with the terms of section 2—622; and (3) that section 2—622 is unconstitutional. We affirm.

Our supreme court provided a good summary of the relevant requirements of section 2—622 in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, in which the court stated as follows:

> "Section 2—622(a)(1) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1)) provides that in any action for medical malpractice the plaintiff must attach to the complaint an affidavit stating that he has consulted with a health professional in whose opinion there is a 'reasonable and meritorious cause' for the filing of the action. In addition, the plaintiff must also attach the

written report of the health professional indicating the basis for his determination. Section 2—622(a)(2) allows for a 90-day extension for the filing of the affidavits if the statute of limitations is near expiration." *McCastle*, 121 Ill. 2d at 190.

Plaintiffs filed their medical malpractice complaint against defendants in the circuit court of Cook County on August 11, 1988. The complaint alleged that Jamie Lynn Premo entered Hinsdale Hospital on August 12, 1986, under the care of Dr. Falcone, who at all relevant times was acting as an agent of Darien Gynecology. She gave birth to Sarah Jean Premo later that day. Sarah Jean was subsequently transferred to another hospital where she died on August 16, 1986. The complaint alleged certain negligent acts on the part of Dr. Falcone and agents of Hinsdale Hospital. Attached to the complaint was the affidavit of Jeffrey Goldberg, one of plaintiffs' attorneys. The affidavit stated that Goldberg had been unable to consult with a health professional and an arguable statute of limitations existed on August 12, 1988.

On September 19, 1988, Hinsdale Hospital filed a motion to transfer venue to Du Page County because all defendants resided or were located in Du Page County. This motion was granted on October 21. The statutory extension which plaintiffs had received to file the consultation affidavit and health care professional written report was due to expire on November 10, 1988. On November 9, plaintiffs filed a motion in the circuit court of Cook County to extend this period a further 60 days. This motion was apparently filed in Cook County because the case file had not yet been transferred.

For the same reason, plaintiffs filed the health care professional report itself with the circuit court of Cook County on November 30, 1988. They did so without leave of court, because they had not set their November 9 motion for a hearing. Plaintiffs did not file the required consultation affidavit with the report. On February 16, 1989, defendants Falcone and Darien Gynecology filed their answer to the complaint, mistakenly doing so in the circuit court of Cook County, although the case had been transferred to Du Page County.

Defendant Hinsdale Hospital filed a motion to dismiss on February 27, 1989, alleging plaintiffs had failed to comply with the requirements of section 2—622. The motion states the written health professional's report was filed 20 days late without a showing of good cause for the delay, separate reports were not filed as to each defendant, the profession of the reviewing health professional was not identified, and the report did not indicate how defendants deviated from accepted practices.

The trial court held a hearing on the motion to dismiss on March 3, 1989. Falcone and Darien Gynecology requested and received leave of court to withdraw their answers and join in the motion. Plaintiffs requested that the court grant their motion for a 60-day extension of time in which to file the health professional's report, since that motion had never been ruled upon, and that the court rule the report was timely filed.

The trial court granted the motion to dismiss and dismissed the case with prejudice in an order dated March 7, 1989. In its letter of opinion concerning the motion, the court stated plaintiffs had failed to show good cause for their late filing of the written report and denied their motion for an extension of time in which to file the report. The court also stated that the written report was inadequate because it did not set forth the author's qualifications, it did not state how the defendants were negligent and did not deal with each defendant separately.

On April 5, 1989, plaintiffs filed a motion for reconsideration of the dismissal order and a supporting memorandum. Plaintiffs argued for the first time that Falcone and Darien Gynecology waived any objection to plaintiffs' alleged failure to comply with section 2—622 by filing an answer to the complaint, and that Hinsdale Hospital waived any similar objection by waiting three months to file its motion to dismiss. Plaintiffs also attached a proposed amended complaint with a revised health professional's report and a consultation affidavit signed by one of plaintiffs' attorneys.

The trial court denied plaintiffs' motion for reconsideration. Plaintiffs filed a timely notice of appeal in which they stated they were seeking reversal of the aforementioned order and the March 7, 1989, order dismissing their complaint with prejudice.

We will first consider plaintiffs' contention that defendants waived any objection to plaintiffs' alleged failure to comply with section 2—622. Falcone and Darien Gynecology argue that this issue was not properly preserved for appeal since plaintiffs' notice of appeal makes no mention of the order granting them leave to withdraw their answer. A notice of appeal only confers jurisdiction upon a reviewing court to consider the judgments or portions of those judgments specified in the notice of appeal. (*Sterne v. Forrest* (1986), 145 Ill. App. 3d 268, 279.) Here, the notice of appeal states that plaintiffs seek reversal of the order denying their motion to reconsider. Plaintiffs raised the waiver issue in the motion, and the trial court considered it in denying the motion. We shall therefore consider plaintiffs' waiver argument on appeal.

■ Plaintiffs cite *Pieszchalski v. Oslager* (1984), 128 Ill. App. 3d 437, and *Swift & Co. v. Dollahan* (1954), 2 Ill. App. 2d 574, in support of their contention that Falcone and Darien Gynecology waived any objection to the complaint by filing an answer. In *Pieszchalski*, however, the court specifically noted that defendants had not sought leave to withdraw their answer. (*Pieszchalski*, 128 Ill. App. 3d at 444.) The trial court has discretion to permit a defendant to withdraw an answer and file a motion to dismiss as long as there will be no prejudice to plaintiff. (*Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 971; *Wheeler v. Caterpillar Tractor Co.* (1984), 123 Ill. App. 3d 539, 542, *rev'd on other grounds* (1985), 108 Ill. 2d 502.) Falcone and Darien Gynecology sought and received leave of court to withdraw their answer and join in Hinsdale Hospital's motion. Since plaintiffs did not suffer any prejudice by the withdrawal of an answer that had been filed only two weeks earlier, the trial court did not abuse its discretion by allowing the withdrawal and permitting these defendants to join in Hinsdale Hospital's motion to dismiss.

■ Plaintiffs also argue that the trial court should not have permitted Hinsdale Hospital to proceed with a motion to dismiss filed approximately three months after they filed their health professional's written report. If, as in the instant case, plaintiffs receive a 90-day extension of time to satisfy the documentation requirements of section 2—622 because they were unable to obtain the required consultation prior to the expiration of the statute of limitations, "defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1." (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(2).) Although the term "certificate" is not defined in section 2—622, the clear language of the provision indicates that the certificate is the consultation affidavit required by section 2—622(a)(1) which must be prepared by plaintiff or plaintiff's attorney. (*Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 948.) Our review of the record reveals that plaintiffs did not file the required consultation affidavit when they filed their original health professional's written report on November 30, 1988. Plaintiffs failed to file any consultation affidavit until they filed their motion for reconsideration on April 5, 1989. Hinsdale Hospital's motion to dismiss was therefore timely and was properly considered by the trial court.

■ Plaintiffs next contend that the dismissal of their complaint with prejudice was an abuse of discretion. The failure of a plaintiff to comply with section 2—622 of the Code does not require the trial judge to dismiss the complaint with prejudice. (*McCastle v. Sheinkop*

(1987), 121 Ill. 2d 188, 192-93.) In *McCastle,* our supreme court stated that when the legislature enacted section 2—622, it intended to permit trial courts to allow leave to file an amended complaint with new affidavits if plaintiff altered his or her theory of liability and that it therefore also most likely intended to allow the trial court to have the discretion to permit plaintiff to amend the complaint to add an affidavit which was inadvertently omitted. (*McCastle,* 121 Ill. 2d at 192-93.) The court then went on to state that while the decision whether plaintiff should be allowed to file an amended complaint is committed to the sound discretion of the trial judge, the matter should be remanded because the trial court was unaware of its discretion and believed dismissal with prejudice was mandatory. 121 Ill. 2d at 194.

In two cases since *McCastle,* in which the trial court believed dismissal with prejudice was required for noncompliance with section 2—622, the reviewing courts have reversed dismissals and remanded the causes for reconsideration of the motions to dismiss by the trial court. (See *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 861; *Bassett v. Wang* (1988), 169 Ill. App. 3d 663, 669.) Dismissals with prejudice for failure to comply with section 2—622 have been upheld, however, in three cases in which trial courts were aware of their discretion. See *Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 952; *Batten v. Retz* (1989), 182 Ill. App. 3d 425, 430; *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 639.

In *Batten,* plaintiff filed the required documents two days late, after receiving the 90-day statutory extension provided by section 2—622(a)(2) of the Code. The circuit court dismissed the complaint largely because plaintiff failed to present evidence of good cause for the late filing. In affirming the dismissal, the reviewing court stated that "the circuit court acted within its discretion in considering the lack of any showing of good cause for the late filing of written reports and certificates or affidavits." *Batten,* 182 Ill. App. 3d at 430.

We agree with the conclusion of the court in *Batten* that trial courts may, in deciding whether to dismiss a complaint with prejudice for failure to comply with section 2—622, consider whether there was a showing of good cause for a late filing of the required documents. Supreme Court Rule 183 (107 Ill. 2d R. 183) states as follows:

> "The court, *for good cause shown* on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." (Emphasis added.) (107 Ill. 2d R. 183.)

Section 2—1007 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1007) contains similar language. These provisions support the conclusion of the court in *Batten*.

Furthermore, the general rule under section 2—622 is that the required consultation with a health professional must occur before the complaint is filed and the required documents certifying the meritoriousness of the action must be filed with the complaint. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1).) This serves to promote the statutory purpose of deterring frivolous medical malpractice actions (*Wasielewski*, 189 Ill. App. 3d at 949) and preventing situations in which health care professionals must defend against such actions. If plaintiff is unable to obtain the required consultation before the statute of limitations expires, he or she will be able to file the required documents within 90 days of filing the complaint under section 2—622(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(2)). The 90-day time limit expresses the legislative intent that the required consultation and filing of the necessary documents be achieved expeditiously, even if this exception to the general rule is applicable. Allowing trial courts to consider whether good cause exists for noncompliance with the deadlines for filing the required documentation in section 2—622 is consistent with the objectives of that statute because it encourages compliance with the deadlines set forth therein and encourages filing the required documentation as expeditiously as possible in the event compliance is not possible.

Here, as in *Batten*, plaintiffs failed to present any evidence of good cause for the untimely filing. Plaintiffs argue that one of their attorneys went on maternity leave November 11, 1988, and that this factor, combined with the circumstances surrounding the transfer of venue to Du Page County, explains their inadvertent failure to set their motion to extend time for filing the written report and consultation affidavit for a hearing. Even if this is true, these factors do not explain why plaintiffs failed to meet the November 10, 1988, deadline for filing these documents. The trial court correctly determined that plaintiffs failed to show good cause for the late filing.

Furthermore, as in *Batten*, the written report by the reviewing health professional was deficient. Said report must clearly identify the reasons for the health professional's determination that there is a reasonable and meritorious cause for the filing of the action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(a)(1); *Batten*, 182 Ill. App. 3d at 429.) The initial report, filed on November 30, 1988, states that based upon the health professional's review of records relating to the

birth of Sarah Premo, a reasonable and meritorious cause exists for the filing of an action. The report then states, "This is based on the inappropriate interpretation of clinical evidence of fetal stress and distress during labor. Inappropriate actions were taken to intervene and to provide appropriate medical care and treatment." The report never discusses what those actions were and therefore fails to adequately state the basis for the health professional's determination that there was a reasonable and meritorious cause to file an action against defendants.

The amended report presented with plaintiffs' motion for reconsideration is somewhat of an improvement, since it states that the inappropriate actions included failure to perform a caesarean section and prescription of medications in excess of those required. Section 2—622(b) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(b)) states, however, as follows:

> "Where a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time." (Ill. Rev. Stat. 1987, ch. 110, par. 2—622(b).)

Plaintiffs failed to file separate written reports as to each named defendant on November 30, 1988, and they also failed to do so on April 5, 1989.

If a single medical report in a medical malpractice case against multiple defendants is sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action, the report can be considered sufficient to comply with section 2—622. (See *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1040; *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 374.) We believe the purpose of section 2—622(b) is to ensure that, in cases involving multiple defendants, plaintiff certifies that there is a reasonable and meritorious cause for filing the action against each defendant. Thus, in cases where this purpose is achieved by a single written report, the report should be held to be sufficient.

In the case at bar, neither the November 30 nor the April 5 report accomplishes the above objective. As we have seen, the earlier report does not specify any inappropriate action by any defendant. The later report mentions failure to perform a caesarean section and prescription of medications in excess of those required. In light of the allegations of the complaint, the failure to perform a caesarean is most likely attributable to Dr. Falcone and thereby to his alleged em-

ployer, Darien Gynecology, as well. There is no way to determine, however, which defendants are responsible for prescribing medications in excess of those required. The April 5 report therefore clearly fails to certify the existence of a meritorious cause of action against Hinsdale Hospital. Considering the aforementioned deficiencies in the written reports together with plaintiffs' failure to establish good cause for the late filings, the trial court's order dismissing the complaint with prejudice and its refusal to reconsider that order were well within the court's discretion.

■ Finally, plaintiffs contend that section 2—622 of the Code is unconstitutional. Plaintiffs failed to present this contention to the trial court. Questions not raised in the trial court, including constitutional issues, are waived and may not be raised for the first time on appeal. (*In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 568; *Brown v. Mason* (1985), 132 Ill. App. 3d 439, 442.) Plaintiffs have therefore waived any challenge to the constitutionality of section 2—622.

Even if we were to reach the merits of this argument, plaintiffs would not prevail. This court has already determined that section 2—622 is constitutional (*Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 478-79), and we see no reason to depart from that holding. While the Appellate Court for the First District held to the contrary in *DeLuna v. St. Elizabeth's Hospital* (1989), 184 Ill. App. 3d 802, 810, *appeal allowed* (1989), 127 Ill. 2d 614, we are not persuaded by the reasoning of the court in *DeLuna.*

For the above reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD and GEIGER, JJ., concur.