GEORGIA COMFORT, Plaintiff-Appellant, v. WHEATON FAMILY PRACTICE, Defendant-Appellee (Philip Comfort, Plaintiff; Beverly Glas *et al.*, Defendants).

Second District   No. 2—91—0684

Opinion filed June 3, 1992.—Rehearing denied July 13, 1992.

Michael P. Cogan, of Motherway & Glenn, P.C., of Chicago, for appellant.

John J. Mangan, of Rooks, Pitts & Poust, of Wheaton, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Georgia Comfort, appeals the order of the trial court in which the cause of action against defendants Wheaton Family Practice and John Pace was dismissed with prejudice. The issue on appeal is whether section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—622) requires a plaintiff to file an affidavit declaring that a meritorious cause of action exists against a medical partnership when the partnership is alleged only to be vicariously liable for the medical malpractice of its employee and agent.

On October 2, 1989, plaintiff Georgia Comfort filed a complaint in which she alleged in count I that Dr. Beverly Glas committed medical malpractice by failing to diagnose breast cancer in time for plaintiff to receive appropriate treatment. In count II, plaintiff Philip Comfort, her husband, who is not a party to this appeal, alleged a loss of consortium based on the same allegations. Attached to the complaint was an affidavit by their attorney stating that he consulted with a medical professional who determined that a meritorious cause of action existed against Dr. Glas. A medical report stating that Dr. Glas should have ordered further tests based on plaintiff's symptoms was also attached.

On December 4, 1990, plaintiffs filed their second amended complaint in which they added Wheaton Family Practice (Wheaton) and Dr. John Pace as defendants. Plaintiffs alleged that Wheaton was a partnership employing Dr. Glas and Dr. Pace, who acted as ostensible agents and employees of the partnership. Plaintiff Georgia Comfort alleged that she "requested of the defendant, WHEATON, by and through said defendant's agents and employees, defendants, DR.

BEVERLY GLAS and DR. JOHN PACE, that a mammogram be ordered to rule out breast cancer as an explanation for plaintiff's presenting symptoms." Plaintiff alleged that Dr. Glas told her on three occasions that a mammogram was unnecessary. Plaintiff alleged that "WHEATON, by and through its agents and employees, defendants, DR. BEVERLY GLAS and DR. JOHN PACE, was negligent." In count II, Philip Comfort alleged a loss of consortium based on the same allegations.

Plaintiffs did not submit a new affidavit or medical report concerning the allegations of negligence. The original affidavit and medical report submitted pursuant to section 2—622 mentions only Dr. Glas but not Dr. Pace or Wheaton Family Practice. Dr. Pace and Wheaton filed a motion to dismiss pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) based on the lack of compliance with section 2—622. Plaintiffs argued to the trial court that no affidavit was necessary where the liability of a defendant was based on an agency relationship. On April 2, 1991, the trial court dismissed these two defendants with prejudice. The trial court also found that there was no just cause for delay in enforcement or appeal of the order. Plaintiffs' timely motion for reconsideration of the dismissal order was denied on May 22, 1991. Plaintiff Georgia Comfort filed a timely notice of appeal on June 18, 1991.

On July 2, 1991, we granted Dr. Pace's motion to dismiss the appeal as it pertained to him based on his representation that the motion to reconsider was directed only against Wheaton. We note also that Dr. Glas is not a party to this appeal, as the trial court did not dismiss the cause against her. Thus, we address the appeal only as it concerns Wheaton, the partnership.

On appeal, plaintiff argues that she need not file a separate affidavit alleging the partnership was negligent when the complaint alleges that the partnership is vicariously liable for the actions of its agents under a theory of *respondeat superior*. Although there has been much recent litigation concerning section 2—622 (see *Mizell v. Passo* (1992), 147 Ill. 2d 420; *DeLuna v. St. Elizabeth's Hospital* (1992), 147 Ill. 2d 57) and the vicarious liability of medical providers (*Uhr v. Lutheran General Hospital* (1992), 226 Ill. App. 3d 236), we have found no decision of an Illinois court of review addressing this precise issue.

Section 2—622 provides that in any medical malpractice action the plaintiff must attach to the complaint an affidavit stating that she has consulted with a health professional in whose opinion there is a reasonable and meritorious cause for filing the action. In addition, the

plaintiff must attach the written report of the health professional indicating the basis for this determination. *DeLuna*, 147 Ill. 2d at 64-65; *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 190; *Simpson v. Illinois Health Care Services, Inc.* (1992), 225 Ill. App. 3d 685, 688-89.

■ Section 2—622(b) is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage. (*DeLuna*, 147 Ill. 2d at 65-66.) The technical requirements of this statute should not interfere with the spirit or purpose of the statute. The absence of strict technical compliance with the statute is one of form only and not of substance. The technical requirements of the statute should not be mechanically applied to deprive the plaintiff of her substantive rights. (*Simpson*, 225 Ill. App. 3d at 689; *Requena v. Franciscan Sisters Health Care Corp.* (1991), 212 Ill. App. 3d 328, 333.) The purpose of the enactment was not to burden the plaintiff with insurmountable hurdles prior to filing but to reduce the number of frivolous lawsuits. 212 Ill. App. 3d at 333.

■ Section 2—622(b) of the Code provides that a separate certificate and written report shall be filed regarding each defendant who has been named in the complaint and shall be filed regarding each defendant named at a later date. (Ill. Rev. Stat. 1989, ch. 110, par. 2—622(b).) However, a single written report involving multiple defendants may be sufficient to satisfy the statute. In *Premo v. Falcone* (1990), 197 Ill. App. 3d 625, we ruled that when the purpose of the statute is met, that is, where the plaintiff certifies that there is a reasonable and meritorious cause of action against each defendant, a single report would suffice. (197 Ill. App. 3d at 632.) Similarly, in *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1040, and *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 374, the single report was sufficiently broad to cover each defendant in the cause where the charges of negligence were the same regarding each defendant. However, in *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 854, the court ruled that the written report must discuss the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing the action against that defendant exists; where the report failed to mention the particular doctors but merely stated that negligence was committed, the cause was dismissed.

Plaintiff also cites *Premo*, where we also implied, in *dicta*, that allegations of negligence in the complaint could be attributable to the physician and thereby to his employer. (*Premo*, 197 Ill. App. 3d at 632-33.) However, we did not rule that the contents of the medical certificate were sufficient under section 2—622.

■ To understand plaintiff's argument, we must discuss the theory of vicarious liability underlying her cause of action. A partnership is liable to the same extent as a partner for any wrongful act of the partner acting in the ordinary course of the business. (Ill. Rev. Stat. 1989, ch. 106½, par. 13.) Under the doctrine of *respondeat superior*, a health care provider may be liable for a physician's misconduct when an employer-employee or principal-agent relationship exists between them. (*Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 859.) This form of vicarious liability is independent from the liability for failing to review and supervise the medical care administered to its patients by its employees and agents. (169 Ill. App. 3d at 858; see *Rohe v. Shivde* (1990), 203 Ill. App. 3d 181, 198-99 (examples of failing to review or supervise).) When suit is brought against a master based on the alleged acts of the servant, and no independent acts are alleged against the master, the master's liability is entirely derivative. *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 533; *Rohe*, 203 Ill. App. 3d at 198.

■ It has been held that a health care provider has no duty to insure that each of its staff physicians will always perform her duty of due care to her patient. (*Alford*, 169 Ill. App. 3d at 848. But see *Uhr*, 226 Ill. App. 3d at 251; *Cunningham v. Huffman* (1992), 223 Ill. App. 3d 878, 888.) Absent a principal-agent relationship, the alleged misconduct of a physician may not ordinarily be imputed to a hospital. (*Kirk*, 117 Ill. 2d at 524.) Wheaton, however, is a partnership, and a partnership is liable for the torts of its partners committed in the course of the partnership business. Plaintiff has specifically alleged an agency and employment relationship. Plaintiff is not alleging a different act of negligence against Wheaton other than the act alleged against Dr. Glas. Had plaintiff specifically alleged that Wheaton committed the separate tort of failing to supervise its employees or otherwise failing a duty towards its patients, then it is arguable that plaintiff would need a separate certificate pertaining to Wheaton pursuant to section 2—622. Instead, plaintiff bases Wheaton's liability in the complaint solely on the actions of Dr. Glas, which are represented in a certificate. If plaintiff's medical certificate had referred to Wheaton's act rather than Dr. Glas's act, the certificate may not have been sufficient to satisfy section 2—622 as explained in *Alford* because it is not alleged that Wheaton committed a particular act of negligence. *Alford*, 169 Ill. App. 3d at 854.

■ Requiring a separate medical certificate for the vicarious liability of a partnership exalts form over substance. Plaintiff has conformed to the purpose of section 2—622 in this cause because the pre-

cise act underlying the claim has been revealed to the defendants and found to be medically meritorious. Plaintiff alleges no other or separate act or failed duty. Since the aim of the statute is not to create technical hurdles, the medical certificate was sufficient. *Requena*, 212 Ill. App. 3d at 333.

Moreover, Wheaton's liability arises by operation of law. The liability is a conclusion of law based on partnership, agency and negligence principles, of which a medical expert may not be qualified to make an opinion. Section 2—622 requires the opinion of a medical expert, not a legal expert. (See *McAlister v. Schick* (1992), 147 Ill. 2d 84, 98; see also *Russell v. Good Shepherd Hospital* (1991), 222 Ill. App. 3d 140, 146 (legal issue of punitive damages based on willful and wanton act).) Had the clinic violated a duty to supervise, then perhaps a certificate filed by a professional in health care administration would be required. However, since plaintiff is alleging only the act of malpractice, she must file a certificate dealing with the commission of that act. The liability of Wheaton is a legal question, and plaintiff need not file a certificate (other than that required by Supreme Court Rule 137 (134 Ill. 2d R. 137)) regarding the legal merit of that claim.

■ Ordinarily, we address the subject of jurisdiction at the beginning of a disposition. While we have determined that we have jurisdiction over this cause, we have reserved our discussion of it until after we stated the principles of agency law. The jurisdictional issues arise because plaintiffs, on November 26, 1991, voluntarily dismissed their complaint against Dr. Glas pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009). In response to our order directing the parties to address the mootness of the cause, plaintiff submitted a statement in which she stated that she may refile the cause within one year. (See *Mizell v. Passo* (1992), 147 Ill. 2d 420 (when a court may allow the refiling of a complaint after failure to comply with section 2—622).) Since the partnership is liable only if the physician was negligent (see *Kirk*, 117 Ill. 2d at 533), and plaintiff dismissed her complaint against Dr. Glas, the issue is whether the appeal is moot.

We determine that the appeal is not moot because plaintiff is alleging a single act of negligence. She has alleged the direct liability of Wheaton in her complaint. If plaintiff had sued only Dr. Glas and this appeal concerned a possible counterclaim by Dr. Glas for indemnity or contribution against Wheaton, for example, the cause would be moot. Instead, plaintiff has alleged that Wheaton acted "by and through" its agents. We can still grant effective relief against Wheaton. Thus,

the appeal is not moot. *Tumminaro v. Tumminaro* (1990), 198 Ill. App. 3d 686, 691.

■■ The second jurisdictional issue arises because plaintiff had an order entered in the circuit court purporting to dismiss her cause "in its entirety." This order did not affect the appeal before this court. Jurisdiction vested in this court pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). The trial court generally has no jurisdiction over a cause which is vested in the appellate court (*People v. Palmer* (1992), 148 Ill. 2d 70, 82; however, the trial court may dismiss the appeal of any party on the motion of that party before the filing of the record on appeal in the reviewing court (see 134 Ill. 2d R. 309; *People v. Curry* (1988), 167 Ill. App. 3d 146, 149-51). Thus, because the record was filed in August 1991 prior to the circuit court's order and despite the broad language of that order, the appeal, as it pertains to Wheaton, was not dismissed.

For the above reasons, the order of the circuit court dismissing the cause of action against Wheaton Family Practice is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and BOWMAN, J., concur.