SAMME CUTHBERTSON, Indiv. and as Special Adm'r of the Estate of Joseph Cuthbertson, Deceased, Plaintiff-Appellant, v. EPHRAIM AXELROD et al., Defendants-Appellees (John A. Benages et al., Defendants).

First District (5th Division)   No. 1—94—4312

Opinion filed June 14, 1996.—Rehearinig denied August 28, 1996.

Law Office of Kenneth C. Chessick, M.D., of Schaumburg (Kenneth C. Chessick, Mark H. Shanberg, and Patricia E. Raymond, of counsel), for appellant.

Law Offices of Hickey, Driscoll, Kurfirst, Patterson & Melia, Chartered (Richard J. Hickey and Thomas E. Patterson, of counsel), Robert L. Nora, of Johnson & Bell, Ltd. (Thomas H. Fegan and Kelly N. Warnick, of counsel), and Cassiday, Schade & Gloor (Joseph A. Camarra, Gregory E. Schiller, Jennifer A. Keller, and Susan M. Hyser, of counsel), all of Chicago, for appellees.

JUSTICE COUSINS delivered the opinion of the court:

The plaintiff, Samme Cuthbertson, acting individually and as special administrator of the estate of Joseph Cuthbertson, deceased, filed a malpractice complaint against the appellees, Dr. Ephraim Axelrod, Dr. Shakuntala Rajagopal, Dr. Yang Alrenga, and Westlake Community Hospital. The appellees moved to dismiss plaintiff's complaint under sections 2—619 and 2—622 of the Code of Civil Procedure (735 ILCS 5/2—619, 2—622 (West 1994)) because the complaint's affidavit and medical report did not comply with section 2—622. The trial court granted the motion to dismiss with prejudice and later denied plaintiff's motion to reconsider, which included an amended affidavit and medical report. Plaintiff appeals, contending that dismissal should have been without prejudice and that her motion to reconsider should have been granted because its amended report and affidavit fully complied with section 2—622.

We affirm.

BACKGROUND

Plaintiff and decedent filed a complaint on May 13, 1993, and filed their third amended complaint on October 8, 1993. That complaint alleged that the appellee doctors were pathologists who had incorrectly diagnosed decedent's tumor as benign in 1989. The pathologists had been negligent by failing to report that tissue samples from decedent in 1989 were insufficient to exclude the diagnosis of cancer. The complaint also alleged that Westlake Hospital was liable for its employment of the negligent pathologists as its agents. Lastly, the complaint contained allegations against other doctors in various fields: Dr. Rong Tu, a pulmonary specialist; Dr. Young Pae, a thoracic surgeon; and Dr. John Benages, a general practitioner. Attached to the complaint was a medical report from a physician and an affidavit from plaintiff's attorney stating his belief that plaintiff's cause was meritorious based on consulting with the physician.

On March 23, 1994, Dr. Axelrod moved to dismiss with prejudice pursuant to sections 2—619 and 2—622. Section 2—622 states:

"(a) *** [T]he plaintiff's attorney *** shall file an affidavit *** declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated compe-

tence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. If the affidavit is filed as to a defendant who is *** a dentist, a podiatrist, or a psychologist, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches. *** A copy of the written report *** must be attached to the affidavit ***." 735 ILCS 5/2—622(a) (West 1994).

Section 2—622(g) states that failure to file the required certificate shall be grounds for dismissal under section 2—619. 735 ILCS 5/2—622(g) (West 1994). Dr. Axelrod alleged that the physician in the medical report could not possibly meet the requirement of section 2—622(a)(1)(ii) because of the vastly different specialties involved in the case. Dr. Axelrod also argued that section 2—622(a)(1)(i) could not be satisfied because the physician had not reviewed the pathology slides that formed the basis of Dr. Axelrod's alleged negligence.

On April 5, 1994, during the hearing on Dr. Axelrod's motion, the other appellee pathologists asked to join in the motion. At the hearing, plaintiff addressed the lack of review of the pathology slides by arguing that a report by Dr. Axelrod had specifically stated the amount of the sample and that plaintiff's medical consultant had examined Dr. Axelrod's report. The court responded that the sufficiency of the section 2—622 affidavit must be established on its own merits without reference to another report. The court also noted that section 2—622(b) called for separate consideration of each doctor, while the report had a paragraph with allegations against two defendants together. Plaintiff requested leave to amend the report, and the court stated:

"The claim seems to be that the tissue was taken from one area and it was too small to detect cancer, so that, apparently, when they tested the sample they got a negative as to cancer when, in fact, according to the plaintiff, the patient did have cancer. I think on the substance of it that it does state a reasonable meritorious cause of action if it is too small. That is what the plaintiff is saying.

All right. I will grant leave to plaintiff to amend the 2—622 affidavit."

On that day, the court granted the appellees' motion without prejudice and granted leave for plaintiff to file an amended section 2—622 report.

On May 2, 1994, plaintiff filed an amended section 2—622 report. The amended attorney affidavit stated:

"(1) I am an attorney of record in [plaintiff's] case[;]

(2) I have consulted with a physician and surgeon, who is currently licensed to practice medicine, who has actively practiced within the last six years, who has reviewed the pertinent medical records and who is knowledgeable concerning the issues in this case[;]

(3) A letter from the aforementioned physician is attached to this Affidavit[;]

(4) Based upon an evaluation of the care rendered in this case, there exists a reasonable and meritorious cause for filing suit against EPHRAIM AXELROD; SHAKUNTALA RAJAGOPAL; and YANG JA ALRENGA."

The attached amended physician's report stated:

"I have reviewed the medical records *** on Joseph Cuthbertson. I have specifically reviewed in depth all the pathology reports *** authorized by Dr. Rajagopal, Dr. Alrenga, and Dr. Axelrod. I am currently a physician and surgeon licensed to practice medicine in all of its branches, I have actively practiced within the last six years, and I am knowledgeable about the issues in this case. Based upon my review of these records, I find there is a reasonable and meritorious basis for filing a lawsuit against Ephraim Axelrod, M.D.

The facts upon which I base this opinion [are] that Ephraim Axelrod, M.D., Mr. Cuthbertson's pathologist from October 9, 1989, negligently failed to report that the tissue removed was insufficient to establish a diagnosis of the abnormal area of the lung and was insufficient to exclude cancer. He negligently failed to advise Dr. Pae and Dr. Benages that additional tissue was required to make a diagnosis of the lung tissue. He negligently permitted without correction the discharge diagnosis that Mr. Cuthbertson had a benign tumor of the lung after the hospitalization of October 9, 1989. As a result of the failure to remove the cancer and receive reasonable follow-up care, Mr. Cuthbertson developed widespread metastases to his lung *** and multiple metastases to his brain, which were first detected in March 1993."

On separate pages, the physician rendered opinions as to Dr. Alrenga and Dr. Rajagopal that were almost identical to the allegations against Dr. Axelrod.

On May 12, 1994, Dr. Axelrod renewed his motion to dismiss pur-

suant to section 2—622, incorporating his motion of March 23, 1994, and alleging that the affidavit and report had failed to meet the requirements of sections 2—622(a)(1)(i), (a)(1)(ii), and (a)(1)(iii). On May 18, 1994, the other appellee doctors joined Dr. Axelrod's motion, and the court granted their motion on June 18, 1994. The court first stated that plaintiff *had* met the requirements of section 2—622(a)(1)(ii) because "the case law does not require such a strict match up of the areas of practice of medical expertise, unless the area in question is dentistry, podiatry, [or] psychology." However, the court granted the pathologists' motion for three reasons: (1) neither the affidavit nor the medical professional stated that the professional is qualified by experience or demonstrated competence in pathology; (2) the term "insufficient sample" is an unsupported conclusion; and (3) the affidavit provided no link as to why the conduct of Dr. Axelrod in 1989 led to the metastases of 1993, an event over three years later with no explanation of decedent's conduct or care in the intervening years. Although Dr. Axelrod's attorney requested that dismissal be without prejudice, the court stated in its order: "I have considered allowing a second re-pleading of the affidavit but believe that the better course of the litigation, given the legislative intent behind 735 ILCS 2—622, is to dismiss this case finally from the trial court ***."

The decedent passed away on June 7, 1994. On July 11, 1994, plaintiff filed a motion to reconsider the court's order of June 13, 1994, and plaintiff also attached a second amended section 2—622 affidavit and medical report. The new affidavit stated:

"(1) I am an attorney of record in [plaintiff's case;]

(2) I have consulted and reviewed the facts of this case with a health professional whom I reasonably believe: (i) is knowledgeable in the relevant issues involved in this action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and (iii) is qualified by experience or demonstrated competence in the subject of this case.

(3) A letter from the aforementioned physician is attached to this Affidavit wherein the reviewing healthcare professional has determined, after a review of the medical record and other relevant material involved in this particular action[,] that there is a reasonable and meritorious cause for filing of this action."

The new physician's report stated:

"I am currently a physician and surgeon licensed to practice medicine in all of its branches and am qualified by my medical experience and training in the subject of this case. I have actively practiced within the past six years, and I am knowledgeable about the issues in this case."

This second amended medical report, which examined the actions of every defendant in the case, was almost unchanged from the previous reports in its other language and findings.

On September 7, 1994, the court denied plaintiff's oral motion to file the second amended affidavit and medical report, and the court also denied the motion to reconsider, stating five reasons: (1) there was no explanation of why the second amended report was not filed earlier at a time within the statutory requirements, and the second amended report came too late; (2) the second amended report's opinions as to each pathologist were almost identical, and such a "computer 'cut and paste' job should not be permitted"; (3) section 2—622(a)(1)(ii) was not satisfied (in contrast to the order of June 13) "because of the varied responsibilities of the defendants and the various subject matters along with their work"; (4) the report contained broad, sweeping conclusions that lacked detail; and (5) there was no showing of a link between the 1989 conduct of the appellee pathologists and decedent's condition over three years later. Plaintiff appealed this order on September 9, 1994.

On September 19, 1994, Westlake Hospital filed a motion to dismiss under section 2—619, contending that plaintiff's section 2—622 report based its claim against the hospital solely due to its pathologist agents, and thus no viable claim existed after the pathologists had been dismissed from the case. The second amended medical report's allegation against the hospital stated: "The Hospital, through their pathologists, [the appellee pathologists], negligently failed to advise at the time of the operation on October 9, 1989, that additional tissue be removed which contained lung cancer." Plaintiff responded to the hospital's motion with three contentions: the second amended affidavit and certificates complied with section 2—622, the case should not be dismissed with prejudice even if the section 2—622 requirements still were not met, and the presentation of the case would not prejudice the hospital. On November 17, 1994, the court held a hearing on the motion, during which plaintiff admitted, "At this point [Westlake Hospital's] liability rests primarily upon the acts of the [dismissed] pathologists." That day, the court granted Westlake Hospital's motion to dismiss with prejudice, stating that it was "for the similar reasons that I granted the motions as to Dr. Alrenga, Dr. Rajagopal, and Dr. Axelrod." Plaintiff appealed this order on December 9, 1994. In this appeal, plaintiff claims that (1) the trial court abused its discretion by dismissing the appellees with prejudice, and (2) plaintiff's second amended affidavit and medical report complied with section 2—622, and thus the court should have granted leave to amend.

OPINION

## I

■ Section 2—622 is designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage. *Miller v. Gupta*, 275 Ill. App. 3d 539, 543, 656 N.E.2d 461 (1995). Section 2—622 must be liberally construed so that cases may be quickly and finally decided according to the substantive rights of the parties. *Miller*, 275 Ill. App. 3d at 543. The decision whether to dismiss a complaint for failure to conform to the requirements of section 2—622 is within the discretion of the trial court. *Miller*, 275 Ill. App. 3d at 543.

The determination of whether to dismiss an action with or without prejudice under section 2—622 is also within the sound discretion of the trial court. *Peterson v. Hinsdale Hospital*, 233 Ill. App. 3d 327, 330, 599 N.E.2d 84 (1992); *McCastle v. Sheinkop*, 121 Ill. 2d 188, 194, 520 N.E.2d 293 (1987). Amendments to pleadings are liberally allowed to enable medical malpractice claims to be decided on their merits rather than on procedural technicalities. *Peterson*, 233 Ill. App. 3d at 332. Where the court takes the particular facts and unique circumstances of the case into consideration before determining that the complaint should be dismissed with prejudice, the court's determination is not an abuse of discretion. *Peterson*, 233 Ill. App. 3d at 330; *Wasielewski v. Gilligan*, 189 Ill. App. 3d 945, 950, 546 N.E.2d 15 (1989).

■ In this matter, we conclude that the court did not abuse its discretion by dismissing the appellees with prejudice. Plaintiff first claims that she was in full compliance with section 2—622. However, the amended affidavit and medical report both failed to comply with section 2—622(a)(1), which requires that the physician: "(ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case." 735 ILCS 5/2—622(a)(1) (West 1994). Although plaintiff claims that the amended medical report contains sufficient allegations to set forth a good-faith basis for a negligence claim, the allegations are insufficient to comply with section 2—622 when the physician has no competence or current experience in the subject area of the allegations.

Plaintiff next claims that dismissal with prejudice was not mandated and that no appellate court to date has affirmed dismissal with prejudice based upon an inadequate section 2—622 motion. We agree with plaintiff's first contention that dismissal was not required.

See *McCastle*, 121 Ill. 2d at 192-93. However, many cases have affirmed dismissal with prejudice under section 2—622 when the trial court properly exercised its discretion. This court has done so in *Wasielewski* and recently in *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696 (1996). Other cases affirming dismissal with prejudice are *Woodard v. Krans*, 234 Ill. App. 3d 690, 600 N.E.2d 477 (1992), *Premo v. Falcone*, 197 Ill. App. 3d 625, 554 N.E.2d 1071 (1990), and *Moss v. Gibbons*, 180 Ill. App. 3d 632, 536 N.E.2d 125 (1989).

■ Plaintiff also claims that she should be permitted to amend when a minor technical error is involved, citing in support *Leask v. Hinrichs*, 232 Ill. App. 3d 332, 595 N.E.2d 1343 (1992) (doctor and hospital not sufficiently distinguished in physician's report), and *Cato v. Attar*, 210 Ill. App. 3d 996, 569 N.E.2d 1111 (1991) (plaintiff relied on case holding section 2—622 unconstitutional). Nevertheless, the error involved in this matter was not minor or technical; plaintiff's physician was deficient in the medical subjects at issue and thus unable to render a competent opinion. *Leask* and *Cato* both allowed amendments when the deficiencies were minor and quickly corrected. However, in *Woodard* and *Tucker*, dismissal with prejudice was allowed when their physicians did not meet the statute's qualifications under sections 2—622(a)(1)(ii) and (a)(1)(iii), a more serious deficiency. *Tucker*, 279 Ill. App. 3d at 704-05; *Woodard*, 234 Ill. App. 3d at 702. Even when the plaintiff's claim is not demonstrably frivolous, failure to comply with sections 2—622(a)(1)(ii) and (a)(1)(iii) may make dismissal proper. See *Woodard*, 234 Ill. App. 3d at 702. We also note that the court did later consider the merits of plaintiff's second amended complaint, and no case has found an abuse of discretion in dismissing with prejudice under section 2—622 when the plaintiff has later been unable to present a satisfactory amended pleading. See *Premo v. Falcone*, 197 Ill. App. 3d 625, 632-33, 554 N.E.2d 1071 (1990); *Moss v. Gibbons*, 180 Ill. App. 3d 632, 639, 536 N.E.2d 125 (1989). The trial court took the particular facts and unique circumstances of the case into consideration before determining that the complaint should be dismissed with prejudice, and thus the court's determination was not an abuse of discretion.

■ Plaintiff makes the alternate contention that the appellees should be estopped from bringing their motion to dismiss because they actively participated in discovery and depositions in their respective defenses of the lawsuit. However, plaintiff did not address this issue in the trial court, and thus this issue is waived and will not be addressed. *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 353, 603 N.E.2d 449 (1992); *Thompson v. Heydemann*, 231 Ill. App. 3d 578, 596 N.E.2d 664 (1992). In addition, plaintiff fails to cite any authority

to support her position. Supreme Court Rule 341(e)(7) (145 Ill. 2d R. 341(e)(7)) provides that the appellant's brief shall contain the contentions of the appellant and reasons in support thereof, with citations of authorities. Thus, because plaintiff failed to cite authority to support her claim, we deem her contention waived for this reason as well. *Pyskaty v. Oyama* (1994), 266 Ill. App. 3d 801, 822, 641 N.E.2d 552.

■ Lastly, plaintiff argues that the dismissal of Westlake Hospital was improper because the sufficiency of plaintiff's section 2—622 report against the hospital was not even addressed by the trial court. However, the hospital fully set out this issue in its motion, and the trial court is not required to repeat verbatim the relevant facts put forward by a motion. In addition, plaintiff did not cite any authority for this claim or any reasons for this contention in her three-sentence paragraph discussing this issue, and thus this issue is also waived, pursuant to Rule 341(e)(7). *Pyskaty*, 266 Ill. App. 3d at 822.

## II

■ Plaintiff contends that the court abused its discretion by not granting leave to file her second amended affidavit and medical report when they complied with section 2—622. We disagree, as the second amended report failed to satisfy section 2—622(a)(1)(ii), which requires that the physician "practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action." 735 ILCS 5/2—622(a)(1)(ii) (West 1994). The report's statement—"I have actively practiced within the past six years"—is insufficient under section 2—622(a)(1)(ii). When the amended report with the motion for reconsideration continues to be deficient, there is no abuse of discretion in denying leave to amend. See *Premo*, 197 Ill. App. 3d at 632-33; *Moss*, 180 Ill. App. 3d at 639.

Plaintiff contends that she is in compliance with the statute because she satisfied this part of section 2—622(a)(1):

"If the affidavit is filed as to a defendant who is *** a dentist, a podiatrist, or a psychologist, the written report must be from a professional licensed in the same profession, with the same class of license, as the defendant. For affidavits filed as to all other defendants, the written report must be from a physician licensed to practice medicine in all its branches." 735 ILCS 5/2—622(a)(1) (West 1994).

Plaintiff then cites a 1988 case to state that a licensed physician may evaluate the treatment given by any other physician. However, parts (ii) and (iii) were added by amendment to section 2—622(a)(1) in 1989, and thus plaintiff's pre-1989 case is inapposite. Where the legislature

has made a material change in a statute, the presumption is that the amendment was intended to change the law. *Board of Trustees of Southern Illinois University v. Department of Human Rights*, 159 Ill. 2d 206, 213, 636 N.E.2d 528 (1994). Moreover, statutes should be construed, if possible, so that no term is rendered superfluous or meaningless. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712 (1994). Plaintiff's attempt to disregard the requirement of part (ii) because she has satisfied another part of the statute is without merit. Where the reporting physician does not specifically satisfy sections 2—622 (a)(1)(i), (a)(1)(ii), and (a)(1)(iii), the report does not satisfy the statute and dismissal may be granted. See *Tucker*, 279 Ill. App. 3d at 702; *Woodard*, 234 Ill. App. 3d at 702.

■ Plaintiff also argues that a surgeon may have tremendous experience in a field even if the surgeon is not a specialist in that field. We completely agree with this statement, and the statute does not bar doctors from rendering opinions when they have practiced or taught in the same area of health care in the last six years. However, the physician's medical report fails to comply with section 2—622(a)(1)(ii) because plaintiff's physician never states that she has such experience. We are not requiring labels and artificial barriers, as plaintiff alleges; the physician needs to state that she has recent experience in the area of health care at issue.

■ Lastly, plaintiff claims that the second amended affidavit can satisfy section 2—622(a)(1)(ii) on its own, without support from the medical report. We disagree. The consultation affidavit must be based on the written medical report of the reviewing physician. *Moss*, 180 Ill. App. 3d at 636. In *Tucker*, this court specifically stated that section 2—622(a)(1)(ii) was a required element of the medical report. *Tucker*, 279 Ill. App. 3d at 702. The *Woodard* court reached the same conclusion, stating, "Dr. Muller's report in no way shows that he meets the qualifications of section 2—622(a)(1) ***." *Woodard*, 234 Ill. App. 3d at 702. Although plaintiff's second amended affidavit blithely states that her physician has recent experience and competence in pulmonary medicine, pathology, thoracic surgery, and general practice, this case demonstrates the correctness of the *Tucker* rule requiring the physician herself to state that she has the necessary expertise to render a competent opinion. An affidavit will fail when it is based on an invalid medical report (*Tucker*, 279 Ill. App. 3d at 705), and we hold that the affidavit was invalid, as the medical report in no way showed that its physician met the qualifications required under section 2—622(a)(1)(ii). We conclude that the trial court did not abuse its discretion in denying leave to amend because the plaintiff's proposed amendment did not meet statutory requirements.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McNULTY, P.J., and HOURIHANE, J., concur.