SECOND DIVISION
 FEBRUARY 4, 1997









No. 1-96-1102

LOUISE CALAMARI, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 )
 v. ) 95 L 10609
 )
 ) 
JOHN DRAMMIS, JR., ) 
 ) 
 Defendant-Appellee. ) The Honorable
 ) Paddy H. McNamara,
 ) Judge Presiding.
 PRESIDING JUSTICE DiVITO delivered the opinion of the court:
 In this appeal, we are asked to address the constitutionality
of a recent amendment to section 2-622 of the Code of Civil
Procedure (see Pub. Act 89-7, eff. March 9, 1995 (amending 735 ILCS
5/2-622 (West 1992))), the applicability of that amendment to a
refiled complaint, and the propriety of the circuit court's
dismissal of a medical malpractice complaint with prejudice. 
 Plaintiff Louise Calamari filed a complaint against defendant
Dr. John Drammis, Jr., alleging that he was negligent in performing
plastic surgery on her. Defendant moved to dismiss plaintiff's
complaint for failure to file the attorney's affidavit of merit and
physician's report that section 2-622 of the Code of Civil
Procedure (735 ILCS 5/2-622 (West 1992)) requires. Plaintiff
thereafter voluntarily dismissed her complaint.
 Subsequent to this dismissal, an amendment to section 2-622
became effective. See Pub. Act 89-7, eff. March 9, 1995 (amending
735 ILCS 5/2-622 (West 1992)). Plaintiff refiled her complaint
after the amendment became effective. Pursuant to defendant's
motion, the court dismissed her refiled complaint with prejudice
for failure to comply with the amended version of section 2-622.
 Plaintiff argues that the court improperly dismissed her
complaint because (1) the amendment to section 2-622 did not apply
to her refiled complaint; (2) the amendment is unconstitutional;
and (3) the circuit court abused its discretion in dismissing her
complaint with prejudice.
PROCEDURAL HISTORY
 On March 14, 1994, plaintiff filed a complaint alleging
that, on or about April 8, 1992, defendant negligently performed
surgery to install malar augmentation implants under her eyes. 
Plaintiff alleged that she first learned on May 22, 1992, that
one of the implants had been improperly positioned. She attached
an affidavit in which her attorney asserted that she had been
unable to obtain a physician's report prior to the expiration of
the statute of limitations. Based on this affidavit, plaintiff
obtained a 90-day extension to file an attorney's affidavit of
merit and physician's report pursuant to section 2-622. 
 On June 29, 1994, defendant filed a motion to dismiss the
complaint on the basis that plaintiff had failed to comply with
section 2-622 within the 90-day period. On July 7, 1994, the
court granted plaintiff's motion to voluntarily dismiss her
complaint.
 On July 5, 1995, plaintiff refiled her complaint against
defendant pursuant to section 13-217 of the Code of Civil Proce-
dure (735 ILCS 5/13-217 (West 1992)). Plaintiff attached an
affidavit, in which her attorney again asserted that she had been
unable to obtain a physician's report prior to the expiration of
the statute of limitations.
 On August 15, 1995, defendant filed a motion to dismiss
under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-
619 (West 1992)) based on plaintiff's failure to comply with
section 2-622. In response to the motion to dismiss, plaintiff
filed a motion on October 5, 1995, for leave to file an amended
complaint. 
 Her proposed amendment included an attorney's affidavit of
merit and a physician's report. In the affidavit, her attorney
stated that she had consulted with a knowledgeable, qualified,
and experienced health professional who had determined in a
report that there was reasonable and meritorious cause for filing
the complaint.
 The attached physician's report consisted of a letter from
Dr. McCarthy DeMere. In the letter, Dr. DeMere did not address
the merit of plaintiff's case, and plaintiff concedes that this
letter did not meet the requirements of section 2-622.
 At the same time she filed her motion for leave to amend,
plaintiff filed a memorandum in opposition to the motion to
dismiss. In this memorandum, she asserted that a medical expert
had advised her that there was malpractice and that she was
attempting to obtain a supplemental physician's report to more
specifically address medical issues.
 Based on the amendment to section 2-622, the court dismissed
plaintiff's complaint with prejudice on October 10, 1995. 
Plaintiff filed a motion to reconsider this judgment but, in a
six-page written order dated February 23, 1996, the court denied
the motion to reconsider. 
 The court rejected plaintiff's argument that the amended
version of the statute did not apply to her case and rejected
plaintiff's claim that the amendment was unconstitutional. In
denying the motion to reconsider the dismissal with prejudice,
the court noted that plaintiff had failed to file a physician's
report with her original complaint and had failed to attach the
report of a physician to the complaint she refiled 39 months
after the incident and two days before the expiration of the one-
year refiling period. Five months after the refiling, plaintiff
had still not filed the necessary report. 
 The court acknowledged that, after defendant filed a motion
to dismiss the 1995 complaint, plaintiff had requested leave to
file an amended complaint and the report of a physician. The
court found that this report was insufficient under section 2-622
because the physician did not state that there was good cause to
file the suit, but the court stated that it did not base its
decision on the inadequacy of the report.
APPLICABILITY OF THE AMENDMENT
 Plaintiff first argues that the amendment to section 2-622
did not apply to her complaint because her cause of action
accrued before the amendment became effective. At the time
plaintiff filed her complaint in March 1994, section 2-622 provided:
 "(a) In any action, whether in tort, contract or
 otherwise, in which the plaintiff seeks damages for
 injuries or death by reason of medical, hospital, or
 other healing art malpractice, the plaintiff's attorney
 or the plaintiff, if the plaintiff is proceeding pro
 se, shall file an affidavit, attached to the original
 and all copies of the complaint, declaring one of the
 following:
 1. That the affiant has consulted and reviewed
 the facts of the case with a health professional who
 the affiant reasonably believes: (i) is knowledgeable
 in the relevant issues involved in the particular
 action; (ii) practices or has practiced within the last
 6 years or teaches or has taught within the last 6
 years in the same area of health care or medicine that
 is at issue in the particular action; and (iii) is
 qualified by experience or demonstrated competence in
 the subject of the case; that the reviewing health
 professional has determined in a written report, after
 a review of the medical record and other relevant
 material involved in the particular action that there
 is a reasonable and meritorious cause for the filing of
 such action; and that the affiant has concluded on the
 basis of the reviewing health professional's review and
 consultation that there is a reasonable and meritorious
 cause for filing of such action. *** A copy of the
 written report, clearly identifying the plaintiff and
 the reasons for the reviewing health professional's
 determination that a reasonable and meritorious cause
 for the filing of the action exists, must be attached
 to the affidavit ***.
 2. That the affiant was unable to obtain a con-
 sultation required by paragraph 1 because a statute of
 limitations would impair the action and the consulta-
 tion required could not be obtained before the expira-
 tion of the statute of limitations. If an affidavit is
 executed pursuant to this paragraph, the certificate
 and written report required by paragraph 1 shall be
 filed within 90 days after the filing of the complaint. 
 The defendant shall be excused from answering or other-
 wise pleading until 30 days after being served with a
 certificate required by paragraph 1.
 3. That a request has been made by the plaintiff
 or his attorney for examination and copying of records
 *** and the party required to comply *** has failed to
 produce such records within 60 days of the receipt of
 the request. If an affidavit is executed pursuant to
 this paragraph, the certificate and written report
 required by paragraph 1 shall be filed within 90 days
 following receipt of the requested records. All defen-
 dants except those whose failure to comply *** is the
 basis for an affidavit under this paragraph shall be
 excused from answering or otherwise pleading until 30
 days after being served with a certificate required by
 paragraph 1.
***
 (h) This Section does not apply to or affect any
 actions pending at the time of its effective date, but
 applies to cases filed on or after its effective date." 
 735 ILCS 5/2-622(a)(1), (a)(2), (a)(3), (h) (West 1992).
 Effective March 9, 1995, the legislature amended subsection
(a)(1) of section 2-622 to require the physician's report to
include the name of the physician, and changed subsection (a)(2) as
follows:
 "2. That the plaintiff has not previously volun-
 tarily dismissed an action based upon the same or
 substantially the same acts, omissions, or occurrences
 and that the affiant was unable to obtain a consultation
 required by paragraph 1 because a statute of limitations
 would impair the action and the consultation required
 could not be obtained before the expiration of the
 statute of limitations. If an affidavit is executed
 pursuant to this paragraph, the certificate and written
 report required by paragraph 1 shall be filed within 90
 days after the filing of the complaint. The defendant
 shall be excused from answering or otherwise pleading
 until 30 days after being served with a certificate
 required by paragraph 1." 735 ILCS 5/2-622(a)(2) (West
 Supp. 1995).
The remainder of the section remained the same. The amendment also
provided:
 "(h) This amendatory Act of 1995 does not apply to
 or affect any actions pending at the time of its effec-
 tive date, but applies to cases filed on or after its
 effective date." 735 ILCS 5/2-622(h) (West Supp. 1995).
 Plaintiff's argument that the amendment did not apply is not
based on this applicability language in the amendment to section 2-
622 but rather on the applicability language contained in an
amendment to section 13-217, which became effective at the same
time as the section 2-622 amendment. The amendment to section 13-
217 states that it applies only to "causes of action accruing on or
after its effective date." 735 ILCS 5/13-217 (West Supp. 1995). 
According to plaintiff, the amendment to section 2-622 should also
apply only to causes of action accruing after its effective date,
because the amendments should be read in pari materia.
 In construing a statute, a court's primary duty is to
ascertain and give effect to the intent of the legislature. State
of Illinois v. Mikusch, 138 Ill. 2d 242, 247, 562 N.E.2d 168
(1990). To determine this intent, a court first examines the
language of the statute and, if this language is clear, the court
should not use extrinsic aids for construction. In re Marriage of
Logston, 103 Ill. 2d 266, 277, 469 N.E.2d 167 (1984). A court will
look to similar statutes as an aid to construction only when the
statute at issue is ambiguous. Kozak v. Retirement Board of
Firemen's Annuity & Benefit Fund, 95 Ill. 2d 211, 219-20, 447
N.E.2d 394 (1983).
 In this case, the amendment to section 2-622 expressly
provides that it does not apply to pending cases but applies to
cases filed after its effective date. Under the express terms of
the amendment, therefore, the amendment applied unless plaintiff's
case was pending at the time the amendment became effective. Her
case was not pending, however, because she had voluntarily
dismissed it. Until she refiled it, there was nothing pending
before the circuit court. She refiled it after the effective date
of the amendment and, therefore, the amendment applied according to
its plain language. The applicability language of the section 2-
622 amendment is not ambiguous and, consequently, we refuse
plaintiff's request to look at the language of the amendment to
section 13-217 to determine the applicability of the amendment to
section 2-622.
 The court's decision in Lyon v. Hasbro Industries, Inc., 156
Ill. App. 3d 649, 509 N.E.2d 702 (1987), supports a conclusion that
the amendment applied to plaintiff's refiled complaint. Under
essentially identical applicability language and circumstances, the
Lyon court held that section 2-622 applied to a cause of action
that had accrued prior to the effective date of that statute.
 In Lyon, the plaintiff filed a complaint before the legisla-
ture enacted section 2-622. The plaintiff voluntarily dismissed
his complaint and, before he refiled it, section 2-622 became
effective. Lyon, 156 Ill. App. 3d at 656.
 Like plaintiff in this case, the plaintiff in Lyon argued that
it was unfair to apply section 2-622 to his complaint because his
cause of action had accrued before the statute became effective. 
The Lyon court rejected this argument. It reasoned that, under the
language of section 13-217, which allows a plaintiff to file a "new
action" within one year of voluntary dismissal, the complaint
plaintiff refiled after the effective date of section 2-622 was a
new action. Pursuant to the applicability language in section 2-
622, therefore, this provision applied. Lyon, 156 Ill. App. 3d at
656.
 The court's holding in Lyon compels a conclusion in this case
that the amendment applied to plaintiff's refiled complaint. As in
Lyon, plaintiff's complaint was a new action under section 13-217. 
The applicability language of the amendment is identical to that of
section 2-622 and, therefore, like the court in Lyon, we find that
the amendment applied to plaintiff's refiled complaint.
 Other cases defendant cites also support a conclusion that the
amendment applied. These cases show that, after a complaint is
voluntarily dismissed, it is no longer pending and is a new action
when it is refiled. In Neuman v. Burstein, 230 Ill. App. 3d 33,
595 N.E.2d 659 (1992), for example, the court held that, under the
language of section 13-217, a complaint filed after a voluntary
dismissal is a new action. The plaintiff in Neuman voluntarily
dismissed her case after the defendants filed a motion to dismiss
for failure to comply with section 2-622. Neuman, 230 Ill. App. 3d
at 34-35.
 When the plaintiff refiled her complaint within one year of
the voluntary dismissal, she filed an affidavit to obtain a 90-day
extension to provide the affidavit of merit and physician's report. 
The circuit court refused this request and dismissed her complaint
with prejudice. Neuman, 230 Ill. App. 3d at 35. The circuit court
reasoned that the 90-day extension the plaintiff had obtained after
filing her original complaint prevented her from obtaining an
additional extension after refiling her complaint. Neuman, 230
Ill. App. 3d at 36.
 The appellate court reversed the circuit court. It decided
that the extension the plaintiff had obtained in the previous
action did not prevent her from receiving another 90 days in her
refiled action because this was a new action. Neuman, 230 Ill.
App. 3d at 36-38; see also Gonzalez v. Thorek Hospital & Medical
Center, 143 Ill. 2d 28, 38-39, 570 N.E.2d 309 (1991) (an action
dismissed for want of prosecution and refiled under section 13-217
was not pending during the time after dismissal and before refil-
ing).
 In her reply brief, plaintiff also argues that the circuit
court erred in applying the amendment to section 2-622 to her
refiled complaint because this was an improper retroactive
application of the provision.
 According to plaintiff, the amendment is not clearly retroac-
tive and, therefore, the circuit court should not have applied it
to her case, which accrued prior to the effective date of the
amendment. Even if it were intended to be applied retroactively to
cases that accrued before it became effective, she contends,
retroactive application would be improper because the amendment
makes a substantive change that imposes a new disability with
respect to previously accrued causes of action. Plaintiff further
argues that retroactive application of the amendment is improper
because it would impair her vested rights to "not be barred by
elimination of a time period" and to be compensated for injuries
she suffered as a result of healing art malpractice.
 Plaintiff is correct in arguing that statutes are presumed to
apply prospectively, and courts will not apply them retroactively
absent clear language that the legislature intended retroactive
application. See First of America Bank, Rockford, N.A. v. Netsch,
166 Ill. 2d 165, 182, 651 N.E.2d 1105 (1995). A statute is
retroactive if it "takes away or impairs vested rights acquired
under existing laws, or creates a new obligation, imposes a new
duty, or attaches a new disability in respect to transactions or
considerations already past." Fireside Chrysler-Plymouth Mazda,
Inc. v. Chrysler Corp., 129 Ill. App. 3d 575, 581, 472 N.E.2d 861
(1984).
 Plaintiff's argument that the amendment is retroactive is
erroneous. The amendment creates no new obligation, duty, or
disability with respect to a past transaction or consideration. 
Although the events comprising plaintiff's cause of action occurred
prior to the effective date of the amendment, the amendment does
not relate to these events. It merely imposes a new deadline with
respect to documents plaintiff was required to file after the
effective date of the amendment.
 The amendment also is not retroactive in the sense that it
removes or impairs a vested right. There is no vested interest in
a continuance of a statute or law, and a "vested right is more than
a mere expectation based upon an anticipated continuance of
existing law." Shepard v. Pollution Control Board, 272 Ill. App.
3d 764, 772, 651 N.E.2d 555 (1995). No party has a vested right in
a particular method of procedure. Songer v. State Farm Fire &
Casualty Co., 91 Ill. App. 3d 248, 254, 414 N.E.2d 768 (1980). 
Plaintiff's expectation that she could obtain a 90-day extension
after refiling her complaint, therefore, was not a vested right. 
 Plaintiff relies on the decision in Harraz v. Snyder, 283 Ill.
App. 3d 254 (1996), to support her claim that the statute was
retroactive because it impaired a vested right to recovery for
medical negligence. In Harraz, the plaintiff voluntarily dismissed
a wrongful death and survival complaint against a doctor and a
hospital. She refiled the complaint pursuant to section 13-217. 
Two months before she refiled her complaint, an amendment adding
section 2-624 to the Code of Civil Procedure (735 ILCS 5/2-624
(West Supp. 1995)) became effective and substantially changed the
elements necessary for pleading and proving that a doctor acted as
an apparent agent of a hospital. The amendment stated that it
applied to causes of action filed on or after its effective date. 
Harraz, 283 Ill. App. 3d at 258.
 The Harraz court refused to apply the amendment to the
plaintiff's complaint. The court decided that the statute was
retroactive because plaintiff had a vested right in her accrued
cause of action because the rights and obligations of the parties
had vested at the time of the occurrence. Harraz, 283 Ill. App. 3d
at 263. It reasoned that the amendment could be applied only
prospectively because it effected a substantive change in the law
and imposed a new disability with respect to a transaction that had
already occurred. Harraz, 283 Ill. App. 3d at 260-61. Also, the
court stated that it would be unfair to apply the new statute to
plaintiff's complaint because the plaintiff had had only eight
weeks after the effective date of the statute to file her com-
plaint, and this was not a reasonable time in which to require her
to conform to the new requirements. Harraz, 283 Ill. App. 3d at
266.
 The Harraz holding does not apply to this case. Unlike the
new statute in Harraz, the amendment in this case was not retroac-
tive because it did not impose a new obligation with respect to a
past transaction. While the amendment in Harraz would have changed
the requirements for pleading the underlying cause of action, which
had accrued prior to the effective date of the statute, the
amendment in this case did not affect the underlying cause of
action. It merely eliminated a 90-day extension of time to comply
with the pleading requirements of section 2-622. 
 Even if the amendment were retroactive, it could be applied to
plaintiff's case because, unlike the statute in Harraz, it is
procedural. See Matviuw v. Johnson, 111 Ill. App. 3d 629, 632, 444
N.E.2d 606 (1982). Furthermore, plaintiff had four months after
the effective date of the amendment to section 2-622 to comply with
its requirements. Unlike Harraz, there was no unfairness in
requiring plaintiff to comply with this change in the law.
 The circuit court properly applied the amendment to section 2-
622. Plaintiff's refiled complaint was filed after the effective
date of the amendment and was not pending at the time it became
effective. Thus, the amendment applied according to its terms. In
addition, application of the amendment was not retroactive and,
even if it were, retroactive application would have been proper.
CONSTITUTIONALITY OF THE AMENDMENT
 Next, plaintiff argues that the amendment to section 2-622 was
unconstitutional. She contends that it violates the provisions in
the Illinois Constitution requiring separation of powers, ensuring
access to the courts, and guaranteeing due process.
 Plaintiff argues that the amendment violates the separation of
powers required by the Illinois Constitution because it impermis-
sibly interferes with the court's exercise of authority. According
to plaintiff, it eliminates a court's power to determine the merits
of a complaint by requiring a court to dismiss a refiled complaint
with prejudice for failure to comply with the amendment.
 In McAlister v. Schick, 147 Ill. 2d 84, 588 N.E.2d 1151
(1992), the supreme court upheld the constitutionality of section
2-622 against a separation of powers challenge. In McAlister, the
plaintiff made the same argument plaintiff makes in this case, but
the court rejected this argument. It stated that section 2-622
does not limit the circuit court's power to determine facts but,
rather, helps it to understand the facts of the case. The
McAlister court decided that section 2-622 did not interfere with
the circuit court's authority to decide a case because, under
section 2-622, only the circuit court has the power to dismiss a
case if it finds it to be insufficient. McAlister, 147 Ill. 2d at
93, 97; see also DeLuna v. St. Elizabeth's Hospital, 147 Ill. 2d
57, 588 N.E.2d 1139 (1992).
 Based on McAlister, we reject plaintiff's separation of powers
challenge. The reasoning of the McAlister decision applies to
plaintiff's separation of powers argument because the previous and
amended versions of section 2-622 give a circuit court the same
authority to dismiss a complaint based on a violation of the
section. Both the original and the amended versions of section 2-
622 state that failure to file the certificate required by the
section "shall be grounds for dismissal." The amendment merely
requires an earlier filing of this certificate in cases that have
been voluntarily dismissed. 
 Plaintiff also challenges the amendment on the basis that it
interferes with her right of access to the courts and due process. 
She claims that the amendment prevented her from obtaining a
hearing on the merits of her claim and deprived her of her day in
court. The supreme court's decision in DeLuna v. St. Elizabeth's
Hospital, 147 Ill. 2d 57, 588 N.E.2d 1139 (1992), however, requires
us to reject these arguments.
 In DeLuna, the plaintiff also argued that section 2-622
interfered with his right to access to the courts and his due
process rights. The DeLuna court found these constitutional
challenges to be without merit. It stated that the legislature may
impose reasonable limitations and conditions on a litigant's access
to the court. It decided that section 2-622 does not unconstitu-
tionally infringe on a litigant's access to the courts by requiring
the litigant to obtain, before trial, a report from a health care
professional stating that the case is meritorious. DeLuna, 147
Ill. 2d at 72-73.
 The DeLuna court also refused to accept the plaintiff's due
process challenge to section 2-622. In that case, as in this case,
the plaintiff argued that section 2-622 burdened a fundamental
right. The court rejected this argument and applied the rational
basis test. DeLuna, 147 Ill. 2d at 74. Under this test, the court
concluded that section 2-622 was rationally related to the
legitimate governmental interest of reducing the number of
frivolous actions filed. By requiring litigants to obtain, at an
early stage, the opinion of an expert that the cause of action is
meritorious, section 2-622 helps ensure that litigants present only
claims with some merit. DeLuna, 147 Ill. 2d at 75.
 Under DeLuna, we uphold the constitutionality of the amendment
to section 2-622 against plaintiff's court access and due process
challenges. Contrary to plaintiff's assertion, the amendment to
section 2-622 did not deprive her of her day in court. She could
have avoided dismissal by filing the attorney's affidavit of merit
and the physician's report with her refiled complaint or by filing
an affidavit under subsection (a)(3) of section 2-622. The
amendment merely prevented her from obtaining a second 90-day
extension to provide the documents section 2-622 requires. 
 There was also no due process violation. Like the original
version of the statute, the amended version is rationally related
to a legitimate government interest. As Representative Cross
explained in the debates concerning the amendment to section 2-622,
this amendment was intended to "strengthen [section 2-622] for its
original purpose of reducing the number of frivolous claims." 89th
Ill. Gen. Assem., House Proceedings, February 16, 1995, at 120. In
DeLuna, the supreme court held that eliminating frivolous lawsuits
at an early stage is a legitimate government interest. DeLuna, 147
Ill. 2d at 75. Like the original version of section 2-622, the
amendment is rationally related to this purpose. The elimination
of the 90-day extension in previously voluntarily dismissed cases
helps ensure that only cases with some merit are refiled. By
reducing the number of frivolous cases at an early stage, the
amendment also lessens the costs of litigation related to those
cases, which is another legitimate government goal. See DeLuna,
147 Ill. 2d at 65.
 Plaintiff argues, however, that the amendment is unconstitu-
tional because, by amending section 2-622, the legislature did not
just intend to reduce the number of frivolous suits; rather, it
improperly intended to reduce the number of medical negligence
suits, regardless of merit. She bases this argument on the
legislature's statement of purpose, which accompanied the amendment
to section 2-622 and the other Civil Justice Reform Amendments of
1995. The legislature stated that, by enacting the amendments, it
intended to modify and improve the civil justice system in order to
"[r]educe the frequency and severity of civil claims, including
healing art malpractice and product liability claims." Pub. Act
89-7, eff. March 9, 1995.
 The legislative history, however, shows that the legislature
intended to reduce the frequency and severity of civil claims by
eliminating frivolous suits, not by preventing plaintiffs from
bringing suits with merit. As Representative Cross explained in
the debates on the amendment: "Even with the affidavit of merit
[required by section 2-622], health care providers win 79% of the
claims brought. These *** Civil Justice Amendments of 1995 are
meant to correct that situation." 89th Ill. Gen. Assem., House
Proceedings, February 16, 1995, at 120. This statement and the
amendment itself, which requires an affidavit of merit at an
earlier stage of the proceedings on a refiled complaint, illustrate
that the legislature's intention was to reduce the number of
frivolous suits filed.
 Based on the supreme court decisions in McAlister and DeLuna,
as well as the legislative history of the amendment, we reject
plaintiff's constitutional challenge to the amendment to section 2-
622.
PROPRIETY OF THE CIRCUIT COURT'S DISMISSAL ORDER
 Plaintiff further argues that, even if the amendment to
section 2-622 were applicable and constitutional, the circuit court
erred in dismissing her complaint with prejudice and should have
allowed her to file an amended complaint. She contends that the
court erroneously believed that, under the amendment, it had no
discretion and was required to dismiss her complaint with preju-
dice. She also asserts that, even if the court believed it had
discretion, it was an abuse of discretion to dismiss her complaint
with prejudice.
 Plaintiff's argument that the court erroneously believed the
amendment required it to dismiss plaintiff's complaint with
prejudice is not supported by the record. There is nothing in the
record that shows that the court believed it had no discretion
under the amendment with respect to the dismissal of plaintiff's
complaint. To the contrary, the court's extensive discussion of
the particular circumstances of the case in its denial of plain-
tiff's motion to reconsider leads to the conclusion that the
court's dismissal with prejudice was an exercise of discretion
based on the court's consideration of these circumstances. This
lengthy discussion would not have been necessary if the court had
believed that the amendment imposed an absolute requirement of
dismissal with prejudice for failure to comply with section 2-622. 
 The record supports the court's exercise of discretion in this
case. Section 2-622 does not require dismissal with prejudice for
noncompliance (McCastle v. Mitchell B. Sheinkop, M.D., Ltd., 121
Ill. 2d 188, 193-94, 520 N.E.2d 293 (1987)), but it is within the
discretion of the circuit court to decide whether to dismiss the
complaint with prejudice based on a failure to meet the require-
ments of section 2-622. Cuthbertson v. Axelrod, 282 Ill. App. 3d
1027, 1034, 669 N.E.2d 601 (1996); Peterson v. Hinsdale Hospital,
233 Ill. App. 3d 327, 330, 599 N.E.2d 84 (1992). Here, the circuit
court considered the particular facts and circumstances of the case
in deciding to dismiss the complaint with prejudice; the record
discloses no abuse of discretion. See Wasielewski v. Gilligan, 189
Ill. App. 3d 945, 951, 546 N.E.2d 15 (1989).
 In this case, the court did consider the particular facts and
circumstances of the case, as its written denial of the motion for
reconsideration indicates. Its order shows that plaintiff's delays
in filing the documents required under section 2-622 were the basis
for the dismissal with prejudice. 
 The circuit court's decision is supported by cases in which
courts have upheld dismissals with prejudice. In at least two
cases, these dismissals were based on the circuit court's consider-
ation of the plaintiffs' failure to show good cause for not timely
filing the documents required by section 2-622. See Premo v.
Falcone, 197 Ill. App. 3d 625, 631, 554 N.E.2d 1071 (1990); Batten
v. Retz, 182 Ill. App. 3d 425, 430, 538 N.E.2d 179 (1989). As the
court explained in Premo, the time limits in section 2-622 show an
intent that the necessary documents be filed expeditiously. This
is consistent with the objectives of the statute to discourage
frivolous suits and to protect health care professionals from
having to defend against these suits. Premo, 197 Ill. App. 3d at
631.
 In this case, as in Batten and Premo, plaintiff has not shown
good cause for her failure to provide the necessary documents under
section 2-622. Plaintiff had 90 days after filing her original
complaint and an additional year after voluntarily dismissing it in
which to obtain these documents. Nevertheless, upon refiling her
complaint, she asked for an additional 90 days to comply with
section 2-622. She did not receive this extension, and she did not
provide the court with an attorney's affidavit of merit or a
physician's report until October 5, 1995, almost 90 days after she
refiled her complaint. The physician's report she filed was
deficient, and she asked for additional time to file a supplemental
report, which, by February 5, 1996, she had not yet submitted. 
There is nothing in the record to indicate that plaintiff obtained
a supplemental report at any subsequent time.
 The circuit court properly considered these delays and the
lack of any good cause for them in dismissing plaintiff's complaint
with prejudice. As the Premo court noted, the 90-day time limit
shows the legislature's intention to require expeditious compliance
with the statute. This intention is indicated even more strongly
by the amendment to section 2-622. The reason the legislature
removed the 90-day extension for voluntarily dismissed cases was to
avoid the type of delays that have occurred in this case. In
addition, as in Premo and Batten, the documents with which
plaintiff proposed to amend her complaint did not comply with
section 2-622.
 In support of her position, plaintiff cites cases in which
courts have held that it was an abuse of discretion for a circuit
court to dismiss a complaint with prejudice for failure to comply
with the requirements of section 2-622. See Leask v. Hinrichs, 232
Ill. App. 3d 332, 595 N.E.2d 1343 (1992); Thompson v. Heydemann,
231 Ill. App. 3d 578, 596 N.E.2d 664 (1992); Huff v. Hadden, 160
Ill. App. 3d 530, 513 N.E.2d 541 (1987). These cases are distin-
guishable, however, on the basis that they involved plaintiffs who
had substantially complied with the requirements of section 2-622
and who, prior to the dismissals with prejudice, proposed amend-
ments to remedy the deficiencies in their complaints. In these
cases, unlike the one before us, the plaintiffs attached their
attorneys' affidavits of merit and physicians' reports to their
complaints at the time they filed them. Although the physician
reports they attached were insufficient, the plaintiffs offered to
amend their complaints to correct the defects in the reports. 
Leask, 232 Ill. App. 3d at 335, 337; Thompson, 231 Ill. App. 3d at
580-81; Huff, 160 Ill. App. 3d at 530-31. 
 Plaintiff's noncompliance with section 2-622 was more serious
than that of the plaintiffs in those cases. Under the amendment,
she could not obtain a 90-day extension to provide the court with
an affidavit of merit and physician's report. Not only did she
fail to attach an attorney's affidavit of merit or physician's
report to her refiled complaint, she also never provided the court
with an amended pleading that would have brought her complaint into
compliance with section 2-622.
 The facts of plaintiff's case are more like those in which the
appellate court has upheld circuit court decisions to dismiss a
complaint with prejudice for failure to comply with section 2-622. 
See Jacobs v. Rush North Shore Medical Center, No. 1-94-2112
(November 4, 1996); Cuthbertson v. Axelrod, 282 Ill. App. 3d 1027,
1034, 669 N.E.2d 601 (1996); Tucker v. St. James Hospital, 279 Ill.
App. 3d 696, 665 N.E.2d 392 (1996); Woodard v. Krans, 234 Ill. App.
3d 690, 600 N.E.2d 477 (1992); Garland v. Kauten, 209 Ill. App. 3d
30, 567 N.E.2d 707 (1991); Premo v. Falcone, 197 Ill. App. 3d 625,
631, 554 N.E.2d 1071 (1990); Batten v. Retz, 182 Ill. App. 3d 425,
430, 538 N.E.2d 179 (1989); Moss v. Gibbons, 180 Ill. App. 3d 632,
536 N.E.2d 125 (1989).
 According to plaintiff, section 2-622 does not authorize
dismissal with prejudice for the failure to file a physician's
report. Plaintiff acknowledges that the physician's letter she
filed with her proposed amended complaint did not meet the
requirements of section 2-622, but she argues that, given the
sufficiency of the attorney's affidavit of merit she filed, the
court should have allowed her additional time to obtain a supple-
mental physician's report. 
 Her affidavit, however, was not sufficient. In the affidavit,
her attorney asserted that the health professional with whom she
had consulted had determined in a report that there was a reason-
able and meritorious cause for filing the action. There is nothing
in the record to show that there was such a report. To the
contrary, Dr. DeMere's letter, which plaintiff attached to her
attorney's affidavit, did not address the merit of plaintiff's
claim. Given these facts, the circuit court did not err in
dismissing plaintiff's complaint with prejudice. See Moss, 180
Ill. App. 3d at 636 (the attorney's affidavit of merit did not
comply with section 2-622 because the physician's report on which
the attorney claimed to rely did not exist at the time the attorney
executed the affidavit). 
 The circuit court also did not err in refusing to allow
plaintiff to amend her complaint. Although there is no order in
the record denying plaintiff's motion to amend, the court implicit-
ly denied this motion in its order denying the motion to reconsid-
er. The court stated that, although plaintiff had filed a motion
for leave to amend her complaint to add a physician's report, the
report did not meet the requirements of section 2-622.
 Whether to allow an amendment to a complaint is within the
sound discretion of the circuit court. Regas v. Associated
Radiologists, Ltd., 230 Ill. App. 3d 959, 968, 595 N.E.2d 1223
(1992). The circuit court does not abuse its discretion in denying
a party leave to amend a pleading if that amendment will not cure
the defects in the original pleading. City of Elgin v. County of
Cook, 257 Ill. App. 3d 186, 198-99, 629 N.E.2d 86 (1993). 
 In this case, the circuit court dismissed plaintiff's
complaint for failure to comply with section 2-622, and plaintiff
acknowledges that the physician's report she filed with her
proposed amended complaint did not meet the requirements of section
2-622. Given that her proposed amendment would not have cured the
defects in her pleading, the court properly rejected it.
 She argues, however, that the court should have given her
additional time to obtain a supplemental report to cure these
defects. As defendant argues, however, the record does not contain
a request for additional time to file a supplemental report. It
contains only an assertion by plaintiff in her October 1995
memorandum that she was in the process of obtaining a supplemental
report.
 Even if plaintiff had made such a request, however, it would
not have been an abuse of discretion for the circuit court to have
denied it. First, there is no evidence in the record that the
supplemental report would have cured the defects in the report she
provided. Second, given plaintiff's previous delays in obtaining
a physician's report, the court would have been justified in
concluding that it was unlikely such a report would have been
forthcoming had it given plaintiff additional time. In fact,
although plaintiff stated in October 1995 that she was in the
process of obtaining a supplemental report, there is no evidence
that she had done so by February 1996, when the court denied her
motion to reconsider, or at any subsequent time.
 It was not an abuse of discretion for the court to deny the
request to amend given the ample time plaintiff had to comply with
section 2-622 and her failure to provide the court with a
physician's report that would have complied with section 2-622. 
See Batten, 182 Ill. App. 3d at 430.
CONCLUSION
 We affirm the circuit court's dismissal of plaintiff's
complaint. The 1995 amendment to section 2-622 is constitutional,
and the circuit court did not abuse its discretion in dismissing
plaintiff's complaint with prejudice under this amendment.
 Judgment affirmed.
 McNULTY and TULLY, JJ., concur.